571 So.2d 765 (1990)
Carolyn Jane MONTGOMERY, Plaintiff-Appellant,
v.
Clinton Mason WALLER, Jr., Defendant-Appellee.
No. 21853-CA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 1990.
*766 F.Q. Hood, Jr., Bossier City, for plaintiffappellant.
Weems, Abney, Schimpf & Hayter by Carey T. Schimpf, Shreveport, for defendant-appellee.
Before FRED W. JONES, Jr., SEXTON, NORRIS, LINDSAY and HIGHTOWER, JJ.
LINDSAY, Judge.
The plaintiff, Carolyn Jane Montgomery, appeals a trial court judgment which failed to award child support in the amount specified by the child support guidelines, LSA-R.S. 9:315 et seq. The trial court judgment ordered the plaintiff's ex-husband, the defendant, Clinton Mason Waller, Jr., to pay a total of $400 per month child support, $200 per child for the two children born of the marriage. Plaintiff argues that based upon the child support guidelines, child support in the total amount of $450 per month should have been awarded. For the following reasons, we reverse the trial court judgment and award the plaintiff child support in the total amount of $450 per month, the amount specified by the above referenced child support guidelines.

FACTS
The parties were divorced on March 15, 1984. At that time, the two children born of the marriage, Audrey Marie and Lindsey Ann, were ages three and one, respectively. The parties were awarded joint custody of the children. Ms. Montgomery was named the domiciliary parent. By consent judgment, Mr. Waller's child support obligation was set at a total of $200 per month, or $100 per child.
On October 9, 1989, Ms. Montgomery filed a rule for contempt, a change in visitation, and an increase in child support. This rule was filed after the October 1, 1989 effective date for the child support guidelines contained in LSA-R.S. 9:315 et seq. Under these guidelines, absent proper reasons for deviation, the plaintiff was entitled to $450 per month total child support for the two children.
After an evidentiary hearing, the trial court rendered judgment setting the defendant's child support obligation at $200 per child for a total of $400 per month. The court also altered the visitation schedule and found Mr. Waller in contempt as a result of arrearages in support payments.[1] Ms. Montgomery appealed, arguing only that the trial court erred in failing to award her $450 per month in child support as specified by the child support guidelines in LSA-R.S. 9:315 et seq.

DISCUSSION
The plaintiff filed her rule to increase child support after the October 1, *767 1989 effective date of the child support guidelines contained in LSA-R.S. 9:315 et seq. Therefore, these guidelines are applicable in this case. The record and the briefs filed in this court reveal that there is no dispute between the parties that, based upon the defendant's income, when calculated under the child support guidelines, the defendant should pay $450 total child support for the two children. The issue on appeal is whether the trial court abused its discretion in deviating from the guidelines to award only $400 per month in child support.
There is a rebuttable presumption that the amount of child support calculated under the guidelines is the proper amount of child support to be awarded. LSA-R.S. 9:315.1(A).[2] As specified in LSA-R.S. 9:315.1(B), the court may deviate from the guidelines if their application would not be in the best interest of the child or children or would be inequitable to the parties. The court is to give oral or written reasons for the deviation and the reasons shall be made part of the record of the proceedings.
LSA-R.S. 9:315.1(C)(1 through 6) gives an illustrative list of factors which may be considered by a court in determining whether to deviate from the guidelines:
C. In determining whether to deviate from the guidelines, the court's considerations may include:
(1) That the combined adjusted gross income of the parties is not within the amounts shown on the schedule in R.S. 9:315.14. If the combined adjusted gross income of the parties is less than the lowest sum shown on the schedule, the court shall determine an amount of child support based on the facts of the case. If the combined adjusted gross income of the parties exceeds the highest sum shown on the schedule, the provisions of R.S. 9:315.10(B) shall apply.
(2) The legal obligation of a party to support dependents who are not the subject of the action before the court and who are in that party's household.
(3) The extraordinary medical expenses of a party, or extraordinary medical expenses for which a party may be responsible, not otherwise taken into consideration under the guidelines.
(4) An extraordinary community debt of the parties.
(5) The need for immediate and temporary support for a child when a full hearing on the issue of support is pending but cannot be timely held. In such cases, the court at the full hearing shall use the provisions of this part and may redetermine support without the necessity of a change of circumstances being shown; or
(6) Any other consideration which would make application of the guidelines not in the best interest of the child or children or inequitable to the parties.
In the present case, the trial court made the following statement regarding the award of child support:
... I think that Ms. Montgomery is entitled to additional assistance on behalf of the children. Mr. Hood [plaintiff's counsel] has correctly worked the formula. However, because there was a previous Judgment, even though it be by consent, I think fairness would dictate that the prospective Judgment of support should be $200 per month per child starting December the 1st, 1989 plus the obligation of Mr. Waller to keep the children insured on his group health insurance policy through his place of employment....
As can be seen from this excerpt from the record, the trial court's reasons for deviating from the child support guidelines fail to establish that such deviation would be in the best interest of the children or would be inequitable to the parties. The only reason given by the court for its deviation was the fact that there was a previous support judgment. The mere existence of a previous judgment is irrelevant to a present determination of the amount of child support needed for the support of the two children. The parties and the trial court acknowledged that the circumstances *768 of the parties had changed since the original consent judgment was signed.
The child support guidelines clearly establish that the trial court's discretion in setting the amount of child support to be awarded is now structured and has now been limited. Under the child support guidelines, a rebuttable presumption exists that the amount contained in the statutory tables, factoring in the number of children and the parents' income, is the proper amount to be awarded.
In the context of this case, the guidelines allow the trial court to deviate downward only if the guideline amount would be inequitable to the parties. (A deviation below the guideline is certainly not in the best interest of the children.) When such a perceived inequity exists, the court shall explain orally or in writing, the reasons for the deviation. Simply stating that an inequity exists is not a sufficient statement under the guidelines to support a deviation.
In the present case, the plaintiff is unemployed and the children are in need of at least the statutory amount of child support. Although the trial court deviation below the guidelines is only $50 per month, without adequate reasons for the deviation, there is no justification for depriving these children of the amount needed for their support. Nor is the father's rather low income a justification for deviation in this case. The guideline amount of support to be contributed by the father is proportionate to the number of children and the father's income.
In brief before this court, the father argues that a substantial debt exists against the house formerly owned by the parties and that this factor should be considered in lowering the amount of child support. This may be a proper factor for deviation under LSA-R.S. 9:315.1 C(4), supra. However, we first note that the trial court made no finding that the father's alleged debts had any affect on the court's decision to deviate from the guidelines. Further, the record clearly shows that the plaintiff has actually assumed this obligation and she is making the mortgage payments in order to prevent the loss of the property. Under these circumstances, the father presents no justification for reduced child support payments.[3]
The record does not support a finding that an award of $450 per month for these two children would be inequitable to the parties. Nor did the trial court articulate sufficient reasons to justify its action in lowering the award below the minimum statutory guidelines.
Although we find that the trial court erred in this case, we do not hold that a trial court has no discretion in setting child support awards. On the contrary, the act provides for guidelines, and not rigid adherence. The trial court's judicial discretion should be protected in order to prevent inequities. Nevertheless, if the guidelines are to serve their intended purpose of providing consistency and certainty in child support awards, an evidentiary basis for deviation must be properly presented and, if accepted by the trial court, the reasons for deviation must be clearly stated.

CONCLUSION
We find that the trial court erred in failing to apply the child support guidelines of LSA-R.S. 9:315 et seq and in failing to provide sufficient reasons for the deviation. Accordingly, we reverse that portion of the trial court judgment dealing with child support and order that the defendant pay to the plaintiff $450 per month for child support of their two children, beginning December 1, 1989. All costs are assessed to the defendant.
REVERSED AND RENDERED.
*769 SEXTON, J., dissents and assigns written reasons.
JONES, J., joins in the dissent of Judge SEXTON.

APPENDIX
LSA-R.S. 9:315.1 provides:
§ 315.1. Rebuttable presumption; deviation from guidelines by court; stipulations by parties
A. The guidelines set forth in this Part are to be used in any proceeding to establish or modify child support filed on or after October 1, 1989. There shall be a rebuttable presumption that the amount of child support obtained by use of the guidelines set forth in this Part is the proper amount of child support.
B. The court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties. The court shall give oral or written reasons for the deviation. The reasons shall be made part of the record of the proceedings.
C. In determining whether to deviate from the guidelines, the court's considerations may include:
(1) That the combined adjusted gross income of the parties is not within the amounts shown on the schedule in R.S. 9:315.14. If the combined adjusted gross income of the parties is less than the lowest sum shown on the schedule, the court shall determine an amount of child support based on the facts of the case. If the combined adjusted gross income of the parties exceeds the highest sum shown on the schedule, the provisions of R.S. 9:315.10(B) shall apply.
(2) The legal obligation of a party to support dependents who are not the subject of the action before the court and who are in that party's household.
(3) The extraordinary medical expenses of a party, or extraordinary medical expenses for which a party may be responsible, not otherwise taken into consideration under the guidelines.
(4) An extraordinary community debt of the parties.
(5) The need for immediate and temporary support for a child when a full hearing on the issue of support is pending but cannot be timely held. In such cases, the court at the full hearing shall use the provisions of this part and may redetermine support without the necessity of a change of circumstances being shown; or
(6) Any other consideration which would make application of the guidelines not in the best interest of the child or children or inequitable to the parties.
D. The court may review and approve a stipulation between the parties entered into after the effective date of this Part as to the amount of child support to be paid. If the court does review the stipulation, the court shall consider the guidelines set forth in this Part to review the adequacy of the stipulated amount, and may require the parties to provide the court with the income statements and documentation required by R.S. 9:315.2.
SEXTON, Judge, dissenting.
This is a minor deviation of $25 per child ($50 total) amounting to 11 percent less than the amount in the guidelines. If the fact that the trial court tacitly declined to exercise its authority to adjust the award for the period of time during which the child is to be with the father during the summer, LSA-R.S. 9:315.8 E, is considered then the extent of the deviation is only three percent (11 × $450 = $4950/12 × $400 = $4800/$150 ÷ $4950 = .03 or 3%). The support actually awarded by the trial court amounts to a significant percentage of the defendant's net income after only basic deductions, 31 percent. His burden is complicated by the fact that the plaintiff is voluntarily unemployed. LSA-R.S. 9:315.9. Considering the foregoing factors, I suggest that the deviation from the statutory guidelines is clearly acceptable.
However, I do agree with the majority that the trial court reasons for the deviation are inadequate. On the other hand, this is a minor deviation which at the very least is arguably supported by the record. In such a circumstance, I suggest that the *770 majority's displeasure with the trial judge's lack of reasons should not cause a reversal but should, at the most, result in a remand to give the trial court an opportunity to adequately support the award rendered.
I respectfully dissent.
NOTES
[1] Neither party has appealed from those portions of the judgment dealing with visitation, arrearages or contempt. Therefore, those portions of the judgment are final and are not before this court for review.
[2] LSA-R.S. 9:315.1 is set forth in its entirety in an appendix to this opinion.
[3] In this case, the dissent argues that the judgment may be supported by the fact that the children will be with the father during the summer and this may be a reason for deviation. However, there is no indication in the record that this fact was presented to the trial court as a basis for deviation and, there is certainly no indication that this factor was given any consideration at all by the trial court in its decision. Further, we are not persuaded that this court is to search for possible reasons for deviation which have not been presented by the parties or considered by the trial court.