605 So.2d 694 (1992)
Gregory VICKERS, Plaintiff-Appellant,
v.
Tanya Vickers WELLBRINK, Defendant-Appellee.
No. 23916-CA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 1992.
Blackwell, Chambliss, Hobbs & Henry by Sam O. Henry, IV, for plaintiff-appellant.
Geary S. Aycock, for defendant-appellee.
Before SEXTON, VICTORY and BROWN, JJ.
VICTORY, Judge.
Gregory Vickers appeals a trial court judgment awarding $300 per month in child support to his ex-wife, Tanya Vickers Wellbrink, for two of their three minor children. In granting this award, the trial judge chose to deviate from the child support guidelines, LSA-R.S. 9:315 et seq. Mr. Vickers argues that the entire income of Mrs. Wellbrink's second spouse should have been considered and applied to the guidelines, which would have resulted in Mrs. Wellbrink actually owing him a small amount of support. Finding that the award is appropriate, but noting that the procedure used to deviate was inadequate, we affirm.

FACTS
Gregory Vickers and Tanya Wellbrink were married on October 21, 1979 and three children were born during the marriage: Derek, Amber and Chad. This marriage ended in divorce on February 12, 1985, with both parties remarrying soon thereafter.
*695 Following the divorce, the parties entered a joint custody plan in which Mr. Vickers was named the primary domiciliary parent of all three children. This plan did not award child support to either parent. In January 1987, custody was temporarily transferred to the children's maternal grandparents until December 1987, when custody was transferred back to Mr. Vickers who had by this time moved to Tennessee. Once again, no support was awarded to either parent.
In 1989 and 1990 respectively, Derek and Amber moved back to Louisiana to live with their mother and her husband, Neal Wellbrink. The third child, Chad, continued to live with his father in Tennessee. On April 19, 1991, the parties filed a joint motion to modify custody whereby Mrs. Wellbrink was made the domiciliary parent of Derek and Amber, while Mr. Vickers maintained his status as the domiciliary parent of Chad.
On June 13, 1991, Mrs. Wellbrink filed a rule for child support for Derek and Amber. In response, on August 1, 1991, Mr. Vickers petitioned the court for support for Chad. These reciprocal rules were consolidated for a September 3, 1991 evidentiary hearing, which resulted in a ruling in favor of Mrs. Wellbrink awarding her $150 per month, per child, or $300 per month, in support for Derek and Amber. Mr. Vickers was allowed to file a tax exemption for Derek and Chad, while Mrs. Wellbrink was given the exemption for Amber. All anticipated medical, dental and orthodontic expenses of the children, which appear to be substantial, were ordered to be paid by the domiciliary parent of the respective children.

DISCUSSION
The child support guidelines contained in LSA-R.S. 9:315 et seq. are to be used in any proceeding to establish or modify child support filed on or after October 1, 1989. The guidelines provide that a "basic child support obligation" for one or more children is calculated on the basis of several factors, including the "combined adjusted gross monthly income" of the parents. If a party is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of income earning potential unless the party is physically or mentally incapacitated, or is caring for a child of the parties under the age of five years. LSA-R.S. 9:315.9. The guidelines further provide in the definition of income, that the court may also consider as income the benefits a party derives from remarriage, expense sharing or other sources. LSA-R.S. 9:315(6)(c).[1]
After combining the adjusted gross monthly income of the parties, each party is to contribute to the basic child support obligation by the percentage of his or her proportionate share. Once the basic obligation has been established, the total child support obligation is determined by adding to the basic obligation, if necessary, net child care costs, health insurance premiums, extraordinary medical expenses, and other extraordinary expenses incurred on behalf of the child. LSA-R.S. 9:315.3, 9:315.4, 9:315.5, 9:315.6. There is a rebuttable presumption that the amount of child support calculated under the guidelines is the proper amount of child support to be awarded. LSA-R.S. 9:315.1(A); State v. Flintroy, 599 So.2d 331 (La.App. 2d Cir. 1992).
If the court finds that the application of the guidelines would not be in the best interest of the child or would be inequitable to the parties, it may deviate from the guidelines. LSA-R.S. 9:315.1(B). The statute mandates that the court give oral or *696 written reasons for the deviation and that these reasons be made a part of the record of the proceedings. Montgomery v. Waller, 571 So.2d 765 (La.App. 2d Cir.1990). LSA-R.S. 9:315.1(C)(1 through 7) provides an illustrative list of factors which may be considered by a court in determining whether to deviate from the guidelines:
(1) That the combined adjusted gross income of the parties is not within the amounts shown on the schedule in LSA-R.S. 9:314.14. If the combined adjusted gross income of the parties is less than the lowest sum shown on the schedule, the court shall determine an amount of child support based on the facts of the case. If the combined adjusted gross income of the parties exceeds the highest sum shown on the schedule, the provisions of LSA-R.S. 9:315.10(B) shall apply.
(2) The legal obligation of a party to support dependents who are not the subject of the action before the court and who are in that party's household.
(3) The extraordinary medical expenses of a party, or extraordinary medical expenses for which a party may be responsible, not otherwise taken into consideration under the guidelines.
(4) An extraordinary community debt of the parties.
(5) The need for immediate and temporary support for a child when a full hearing on the issue of support is pending but cannot be timely held. In such cases, the court at the full hearing shall use the provisions of this part and may redetermine support without the necessity of a change of circumstances being shown.
(6) The permanent or temporary total disability of a spouse to the extent such disability diminishes his present and future earning capacity, his need to save adequately for uninsurable future medical costs, and other additional costs associated with such disability, such as transportation and mobility costs, medical expenses, and higher insurance premiums.
(7) Any other consideration which would make application of the guidelines not in the best interest of the child or children or inequitable to the parties.
Here, in choosing to deviate from the guidelines the trial court stated that although the guidelines would have imposed a greater award for Mrs. Wellbrink, only $300 per month was appropriate because of the Vickers' diminished income in comparison to the Wellbrinks' income. He noted that the Vickers have a combined gross annual income of $30,000, that Neal Wellbrink makes an annual base salary of $40,000, although he made substantial overtime in previous years, and that Mrs. Wellbrink could have made $900 per month if she were employed. In addition, the trial judge stated that it was justified in deviating from the guidelines for the following reasons:
"the actual gross income of all parties; the number of children involved in both households; and the financial obligations of all parties including child support for the children by previous marriages and large anticipated medical expenses of both households."
Other facts surrounding this case mentioned by the trial judge include the somewhat unusual situation presented because physical custody of the three children is split between the parents.[2] The judge recognized that the Wellbrinks have a five-year-old daughter, and that Neal Wellbrink has a son by a prior marriage for whom he pays child support. The trial judge also mentioned the large anticipated orthodontic expenses for all of the children.
When a trial judge decides deviation is appropriate, he should fully explain what the support would be if he were not deviating, why he is deviating, and how much he has allowed for each factor of deviation. The proper procedure would be to calculate child support under the guidelines by stating the amount of income attributed to each party, including the amount of second spouse income considered, in reaching the basic support obligation under the guidelines. *697 Any additional expenses provided for under the guidelines, such as net child care costs and extraordinary medical expenses incurred on behalf of the child(ren), should be added to the basic support obligation to reach the total obligation. Once this total is determined, the judge may deviate from the guidelines, giving a specific amount of deviation for each factor used in the deviation. Utilizing and explaining fully the deviation gives an appellate court a basis to review the appropriateness of the deviation.
Although deviation in this case was within the trial judge's discretion, he failed to state what figures he used for the parties' income, what he believed the guidelines would have provided if he had not deviated, and what amount he deviated for each factor. Nevertheless, we find that the $300 monthly award in this case was proper.[3] Under all reasonable scenarios, including different combinations of considering extraordinary medical expenses, child support from previous marriages, net child care costs (if Mrs. Wellbrink was working), and up to one-half of second spouse income, the award would be $300 or more. The only scenario in which the award would be less than $300 is if all or most of Neal Wellbrink's income is considered, which we do not find is appropriate in this case.
Mr. Vickers cites Goodall v. Goodall, 561 So.2d 867 (La.App. 2d Cir.1990) in support of his argument that the entire income of Neal Wellbrink should have been used to calculate Mrs. Wellbrink's gross monthly income. Although Goodall does state that it is proper to consider the earnings of a second spouse, it does not state that second spouse income must be considered in its entirety. Consideration of second spouse income is discretionary. LSA-R.S. 9:315(6)(c); Crockett v. Crockett, 575 So.2d 942 (La.App. 2d Cir.1991).
In conclusion, we find no error by the trial judge in ordering Mr. Vickers to pay child support of $150 per month, per child, or $300 total. If anything, he deviated from the guidelines downward, which is favorable to appellant. We cannot conclude that he abused his discretion in refusing to use all or most of Mr. Wellbrink's income.

DECREE
For the forgoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] LSA-R.S. 9:315(6)(c) was recently amended by Art. 854 of the 1991 Regular Session, effective September 6, 1991, three days after the evidentiary hearing on this rule for child support, and now reads:

(c) The court may also consider as income the benefits a party derives from expense-sharing or other sources; however, in determining the benefits of expense-sharing, the court shall not consider the income of another spouse, regardless of the legal regime under which the remarriage exists, except to the extent that such income is used directly to reduce the cost of a party's actual expenses.
The amended article changes the law by limiting the extent to which second spouse income may be considered, if the judge chooses to consider it.
[2] We are not called upon to rule whether split custody is appropriate in this case, but we note that it is not favored in the law absent extraordinary circumstances.
[3] Mr. Vickers was also allowed to deduct two children for tax purposes, when he only has custody of one. See LSA-R.S. 9:315.7.