720 So.2d 412 (1998)
Stephen Thomas LEHR, Plaintiff-Appellant,
v.
Jami D. LEHR, Defendant-Appellee.
No. 31,181-CA.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1998.
*413 E. Ray Kethley, Shreveport, for Plaintiff-Appellant.
Francis M. Gowen, Jr., Shreveport, for Defendant-Appellee.
Before NORRIS, WILLIAMS and CARAWAY, JJ.
CARAWAY, Judge.
In this child support case, Stephen Lehr ("Steve") appeals that portion of a judgment ordering him to pay two-thirds of reasonable extraordinary expenses for extracurricular activities for his two children. Finding that the trial court erred in adding these expenses to the basic child support obligation, we vacate that portion of the judgment and otherwise affirm the trial court's judgment.

Facts and Ruling of Trial Court
Steve married Jami Lehr ("Jami") on March 1, 1985 in Bossier Parish. Two children were born of this marriage, Corey Duncan Lehr ("Corey") in 1986 and Molly Elizabeth Lehr ("Molly") in 1988. Following proceedings for the parties' divorce in 1994, agreement was reached regarding Steve's child support obligation. Steve also agreed to pay the premium for major medical insurance on Corey and Molly and one-half of any expenses not covered by the policy.
In 1995, against Steve's wishes but with court authority, Jami moved with the children to Hope, Arkansas. Due to problems with the visitation, Steve filed a rule for contempt in 1997. Around the same time, Jami filed a rule for increase in child support citing an increase in both her and Steve's incomes and certain increases in the expenses related to the activities of the children.
At the time of the trial for these matters, the parties, after pre-trial conference with the court, reached agreement on all disputes with the exception of Jami's claim for certain expenses for the extracurricular activities of the children. Based upon the parties' child support worksheet showing $8,237.31 in combined monthly income, Steve was ordered to pay sixty-eight percent of the basic child support obligation of $1,503 as set forth in the schedule in La. R.S. 9:315.13. Additionally, as to the remaining disputed issue, the court ordered the following:
STEPHEN THOMAS LEHR shall pay two-thirds (2/3) of all reasonable extraordinary expenses for extracurricular activities, including but not limited to, gymnastics, baseball, or any activity related to the minor children's education with JAMI D. LEHR providing paid receipts for all such activities to STEPHEN THOMAS LEHR within fourteen (14) days of her payment and STEPHEN THOMAS LEHR shall reimburse JAMI D. LEHR within fourteen (14) days of receipt of said bill.
In making this ruling, the court reasoned that the expenses for the activities brought to his attention, namely Molly's gymnastics and Corey's summer baseball, would have been incurred by Steve and Jami if they were still married and that the court could deviate from the child support guidelines in awarding these costs as extraordinary expenses under a liberal definition of the children's "education." The court stated that although Jami, as domiciliary parent, would get to choose the activities Corey and Molly participated in, the division of these expenses with Jami having to pay approximately one-third and Steve paying the remaining two-thirds of the costs would insure that the *414 activities chosen were reasonable. The trial court indicated that the child support provided in the statutory schedule covers the basic necessities but does not include extra expenses. Steve reserved his right to appeal the sole issue of the payment for extracurricular activities.

Discussion
The child support guidelines set forth in La. R.S. 9:315 et seq. are to be used in any proceeding to establish or modify child support. There is a rebuttable presumption that the amount of support obtained by use of the guidelines is the proper amount of support. La. R.S. 9:315.1(A). If the court finds that the application of the guidelines would not be in the best interest of the child or would be inequitable to the parties, it may deviate from the guidelines. La. R.S. 9:315.1(B); Vickers v. Wellbrink, 605 So.2d 694 (La.App. 2d Cir.1992). The statute mandates that the court give oral or written reasons for the deviation and that these reasons be made a part of the record of the proceedings. Vickers, supra at 696; Montgomery v. Waller, 571 So.2d 765 (La.App. 2d Cir.1990). La. R.S. 9:315.1(C) provides an illustrative list of factors which may be considered by a court in determining whether to deviate from the guidelines.[1] When a trial court decides deviation is appropriate, it should fully explain what the support would be if it were not deviating, why it is deviating and how much is being allowed for each factor of deviation. Vickers, supra at 696. Deviations by the trial court from the guidelines shall not be disturbed in the absence of manifest error. La. R.S. 9:315.12.1.
The guidelines provide for the addition of certain costs to the basic child support obligation with the total child support obligation determined by adding together the basic obligation, net child care costs, health insurance premiums, extraordinary medical expenses and other extraordinary expenses. See La. R.S. 9:315.3, 9:315.4, 9:315.5, 9:315.6 and 9:315.8. The statute on other extraordinary expenses, La. R.S. 9:315.6, provides:
By agreement of the parties or order of the court, the following expenses incurred on behalf of the child may be added to the basic child support obligation:
(1) Any expenses for attending a special or private elementary or secondary school to meet the particular educational needs of the child.
(2) Any expenses for transportation of the child from one party to the other.
In the instant case, there is no showing of particular facts and circumstances that warrant the trial court's deviation from the guidelines. The basic child support obligation is listed as $1,503 and this amount falls squarely within the schedule set forth in La. R.S. 9:315.13. There is no evidence in this record that rebuts the presumption that this is the proper amount of child support.
We do not read La. R.S. 9:315.6(1) as allowing the coverage sought by the trial court. We read this section of the statute as only applying to the expenses of attending a special or private school which meets particular educational needs of a child, not extracurricular recreational activities. The first circuit likewise found that a trial court abused its discretion in making an award under this statute for children's dancing expenses. See, Valure v. Valure, 96-1684 (La.App. 1st Cir.6/20/97), 696 So.2d 685.
Regardless of the trial court's valid concern for the high level of these expenses for the two children in this particular case, we are constrained to hold based upon the overall statutory scheme that those expenses for the children fall within La. R.S. 9:315.13's schedule for the basic child support obligation. The $1,503 monthly support obligation calculated from these parties' combined income level is considerably higher than the listed obligations for parties at much lower levels of income with the same number of children. This demonstrates a legislative recognition of some higher expenditures for extracurricular activities built into the schedule.
*415 Because we find no evidence supporting a deviation from the child support guidelines or evidence indicating a particular educational need of Corey or Molly, we vacate that portion of the judgment ordering Steve to pay two-thirds of the costs of the children's participation in extracurricular activities. Except as herein vacated, the remainder of the judgment is affirmed. Costs of this appeal are assessed against Jami Lehr.
VACATED IN PART AND EXCEPT AS VACATED, AFFIRMED.
NOTES
[1] After a listing of six particular factors for deviation which are not applicable to this dispute, Section 315.1(C)(7) concludes by allowing the court's consideration of "[a]ny other consideration which would make application of the guidelines not in the best interest of the child or children or inequitable to the parties."