hPOUCET, Judge.
Plaintiff, Kevin Brian Fontenot, the ex-husband of Defendant, Tina Marie La-fargue Fontenot, appeals a judgment of the district court, rendered May 24, 1999, ordering him to pay $447.00 per month child support for each of the minor children born of his former marriage with Defendant: Valerie Nicole Fontenot and Amber Brooke Fontenot. We affirm the judgment of the trial court.
FACTS
Plaintiff and Defendant were divorced on November 21, 1991. At that time, the couple was awarded joint custody of their minor children, Valerie and Amber, with Defendant, Tina Lafargue Fontenot, named domiciliary parent. Kevin was ordered to pay $600.00 per month in child support. In February 1994, Kevin’s child support obligation was increased to $872.00 per month.
*207 Between November 1997 and December 1998 Kevin was named domiciliary parent of Valerie and Amber and thus, his child support obligation was terminated. In December 1998, domiciliary custody of the two young women was, once again, awarded to Tina Lafargue Fontenot and the Hearing Officer for the 14th Judicial District Court recommended Kevin Fontenot be ordered to pay $632.00 per month in child support. Tina Lafargue Fontenot requested a hearing before the district court on the Hearing Officer’s recommendation. The trial judge raised the monthly support payment to $447.00 per child, a total of $894.00 per month. From that judgment, Kevin Fontenot now appeals.
For the remainder of the facts in the case, we adopt as our own those recited by the trial judge in his Written Reasons For Judgment:
laThis cause came up on appeal from a ruling by the Hearing Officer, Mr. Guy Bradberry [on December 22, 1998]. Mr. Bradberry awarded $632.00 child support that Mr. Fontenot was to pay Tina Fontenot for the benefit of the two minor children Valerie Fontenot, born June 24, 1982 and Amber Fontenot, born April 18, 1984. This was calculated by Mr. Bradberry as follows (See exhibit A).
Mr. Fontenot has been married twice, first to Tina Marie Lafargue Fontenot and subsequently to Carol Diann Fonte-not, born Hyatt.
Carol Diann Fontenot filed suit for Divorce in proceedings 98-4015 on July 13, 1998 and on that matter Carol Diann Fontenot was awarded child support for Colton Fontenot, born August 26, 1992 and Alex Fontenot, born October 29, 1997 in the amount of $1,154.00 (See Exhibit B). This Recommendations [sic] became the Judgment of the Court on August 14, 1998.[S]ubsequent to that, on September 3, 1998 there was a joint stipulation fixing interim periodic support in the amount of $861.00, but Judgment was not signed until May 17,1999.
This is an unusual situation because ... [child support for] the children of the first marriage ... was not fixed until after [child support was fixed for] the children of the second marriage. This is because for a good portion of time, the children of the first marriage were living with Kevin Brian Fontenot.
The question is whether or not the Hearing Officer is correct in giving full credit for child support paid to subsequent children and spouse when fixing child support for children of the first marriage.
In doing so, in this case the children of the first marriage who were the “first family” are penalized. Child support for the children of the first marriage is only $632.00 and for the children of the second marriage $1,154.00, although both the first and second families each had two children.
The Court believes that the only way for there to be equity between the children is if the child support be fixed in the amount of $447.00 per child. The Court feels that there should be an adjustment in the child support for the children of the second marriage, but that issue is not before the Court. The Court also reserves to Tina Marie La-fargue Fontenot the right to re-litigate and waives the matter of child support once interim spousal support terminates.
The Hearing Officer Recommendation is hereby amended to order child support in the amount of $447.00 per child per month for the two children Vallery [sic] Fontenot and Amber Fontenot retroactive to the date of filing of the Petition for Child Support.
LLAW AND DISCUSSION
On appeal, Kevin Fontenot argues that the trial court incorrectly applied the child support guidelines in determining his child support obligation to his two minor children, Valerie and Amber Fontenot. The trial judge deviated from the prescribed *208 guidelines. La.R.S. 9:315.1, which provides for deviation from the guidelines in certain cases, provides in part as follows:
A. The guidelines set forth in this Part are to be used in any proceeding to establish or modify child support filed on or after October 1, 1989. There shall be a rebuttable presumption that the amount of child support obtained by use of the guidelines set forth in this Part is the proper amount of child support.
B. The court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties. The court shall give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines. The reasons shall be made part of the record of the proceedings.
C. In determining whether to deviate from the guidelines, the court’s considerations may include:
[[Image here]]
(2) The legal obligation of a party to support dependents who are not the subject of the action before the court and who are in that party’s household. .... [and]
(7) Any other consideration which would make application of the guidelines not in the best interest of the child or children or inequitable to the parties.
In Guillot v. Munn, 96-620, p. 1 (La.6/21/96), 676 So.2d 86, the Louisiana Supreme Court stated:
A deviation may be allowed where the application of the guidelines would not be in the best interest of the child or would be inequitable to the parties. La. R.S. 9:315.1(B). Section (C)(2) does allow the trial court to consider, in determining whether to deviate from the guidelines, |Bthe legal obligation of a party to support dependents who are not the subject of the action before the court and who are in that party’s household. A deviation pursuant to this provision, however, must be supported by an evi-dentiary basis.
Further, La.R.S. 9:315.1(C)(7) allows the court to consider “[a]ny other consideration which would make application of the guidelines not in the best interest of the child or children or inequitable to the parties.” In Lehr v. Lehr, 31,181, pp. 2, 3 (La.App. 2 Cir. 10/28/98); 720 So.2d 412, 414 (footnote omitted) our brethren of the second circuit remarked as follows:
The child support guidelines set forth in La. R.S. 9:315 et seq. are to be used in any proceeding to establish or modify child support. There is a rebuttable presumption that the amount of support obtained by use of the guidelines is the proper amount of support. La. R.S. 9:315.1(A). If the court finds that the application of the guidelines would not be in the best interest of the child or would be inequitable to the parties, it may deviate from the guidelines. La. R.S. 9:315.1(B); Vickers v. Wellbrink, 605 So.2d 694 (La.App. 2d Cir.1992). The statute mandates that the court give oral or written reasons for the deviation and that these reasons be made a part of the record of the proceedings. Vickers, supra at 696; Montgomery v. Waller, 571 So.2d 765 (La.App. 2d Cir.1990). La. R.S. 9:315.1(0 provides an illustrative list of factors which may be considered by a court in determining whether to deviate from the guidelines. When a trial court decides deviation is appropriate, it should fully explain what the support would be if it were not deviating, why it is deviating and how much is being allowed for each factor of deviation. Vickers, supra at 696. Deviations by the trial court from the guidelines shall not be disturbed in the absence of manifest error. La. R.S. 9:315.12.1.
In deviating from the guidelines, the trial judge noted that Kevin Fontenot had *209 been married and divorced twice and that the children who were the subject of this hearing, Valerie, who was born June 24, 1982, and Amber, who was born April 18, 1984, were from Kevin’s first marriage. He remarked that in the normal course of events, the support for Valerie and Amber would have been set before the support for the children of the second marriage. We note that, from the trial judge’s Reasons for | fiJudgment, Kevin’s second wife filed for divorce on July 13, 1998. At that time, Kevin was the domiciliary parent of Valerie and Amber. The trial judge pointed out that each of Kevin’s two marriages had produced two off-spring and that if the recommendation of the Hearing Officer was left intact, the children of the second marriage would be receiving $1,154.00 per month in support while the children of the first marriage would only receive $632.00 per month in support, $522.00 per month less. Relying on equity, the trial judge stated, “[t]he Court believes that the only way for there to be equity between the children is if the child support be fixed in the amount of $447.00 per child” and raised the support payment for Valerie and Amber to $447.00 per month each, or a total of $894.00. This still leaves a disparity of $260.00 in favor of the children of the second marriage.
In denying Kevin’s motion for a new trial, the trial judge reiterated his belief that a deviation from the guidelines was justified in this case, stating:
The Court looked at this very closely, and felt like there needed to be a deviation, because the children of the first marriage should not be penalized because the children of the second marriage had gotten their support first, and that was what happened in this case, and the Court reached what it considered a more equitable solution for both families.
The trial judge considered the support due under the guidelines as calculated by the Hearing Officer and, after doing so, explained why he felt it was necessary to deviate from the guidelines. We find neither manifest error nor abuse of discretion in the trial court’s judgment. Thus, it will not be disturbed. Lehr, 31,181; 720 So.2d 412.
Therefore, for the reasons stated above, the judgment of the trial court is affirmed. All costs of this appeal are assessed against Appellant, Kevin Fontenot.
AFFIRMED.