775 So.2d 1162 (2000)
STATE of Louisiana in the Interest of Cassandra METCALF, Plaintiff-Appellant,
v.
Robert SAMUELS, Defendant-Appellee.
No. 34,402-CA.
Court of Appeal of Louisiana, Second Circuit.
December 20, 2000.
*1163 Sockrider, Bolin, Anglin, & Batte, Bowers, by Gary A. Bowers, Counsel for Appellant Cassandra Metcalf.
William C. Monroe, Counsel for Appellee Robert Samuels.
Brian Joffrion, Assistant District Attorney, Counsel for State of Louisiana, Department of Social Services, Support Enforcement Services.
Before GASKINS, CARAWAY and KOSTELKA, JJ.
GASKINS, J.
Cassandra Metcalf, the mother of minor Derrick Metcalf, appeals from a child support judgment which granted Robert Samuels, the child's father, a downward deviation of $200.00 from the child support guidelines. The judgment also required the father to provide medical insurance coverage for the child, instead of allowing the mother to provide the coverage and including the premium in the child support calculations. For the following reasons, we affirm.

FACTS
The mother gave birth to Derrick in 1984. In 1997, the mother filed a petition, through the State's Support Enforcement Services, to have Robert Samuels, an Alabama resident, declared to be the child's father and to set child support. Notices sent by certified mail to Mr. Samuels were returned as unclaimed. In a 1998 judgment, Mr. Samuels was found to be the boy's father and ordered to pay child support of $474.00 per month. He was also ordered to provide medical support for the child.
In May 1999, Mr. Samuels filed a petition to annul the judgment, claiming that he was not aware of the suit until his employer was served with an income assignment order. The petition to annul was denied, the court finding that proper notice was given.
In October 1999, the mother filed a petition, again through the State, seeking an increase in child support. A juvenile court hearing officer found that an increase was justified, the father's monthly income having increased from $3,166.67 to $6,132.00. Applying the child support guidelines, she calculated that child support should be $771.00 per month, then allowed a $200.00 per month downward deviation based upon the father having an obligation to support two minor children (supposedly ages 7 and 12) living in his household.
Both parties appealed the hearing officer's recommendation to the juvenile court judge. Evidence was adduced on March 8, 2000, and April 19, 2000. It was established that the mother, a clerical worker at Louisiana State University Medical Center (LSUMC), earned $2,500.00 per month, or $30,000.00 per year, and that she provided medical insurance coverage for her son through her employment, the premium of $71.54 per month being deducted from her wages. The mother testified that she preferred to keep her son on her insurance instead of having the father provide coverage. The 1999 income tax return of the father, a staff manager for Bell South, showed total income of $80,799.00, of which $79,880.00 were wages and bonuses. In March 2000, he received a four percent increase on his base salary (which was $73,600.00, according to a Bell South pay stub dated 1/31/2000), or a raise of about $2,900.00. The father testified that he had not sent the mother an insurance card on the child. He also testified that he supported a household consisting of his wife, who did not work outside the home, and *1164 their two daughters, who were ages 6 and 19.
In April 2000, the juvenile court ordered the father to pay child support of $571.00 per month. Noting the confusion in the record pertaining to the father's monthly income, the court adopted the higher figure of $6,650.00 suggested by the mother's attorney. However, instead of ordering monthly support of $771.00, the court allowed the downward deviation of $200.00 due to the father's support of dependents, his minor daughter and unemployed wife. It acknowledged that the father was not legally obligated to support the older daughter who was no longer a minor. The court also ordered the father to maintain medical insurance coverage on Derrick and pay 100 percent of all uncovered medical expenses.[1] The judgment specifically ordered the father to cooperate with the mother on the issue of medical insurance and provide her with all necessary information.
The mother appeals. She contends that the juvenile court erred in granting the $200.00 downward deviation in setting child support and in refusing to let her provide the child's medical insurance through her employer's health insurance plan.

CHILD SUPPORT AMOUNT
The child support guidelines set forth in La. R.S. 9:315 et seq. are to be used in any proceeding to establish or modify child support. The guidelines provide that a "basic child support obligation" for one or more children is calculated on the basis of several factors, including the "combined adjusted gross monthly income" of the parents. After combining the adjusted gross monthly income of the parties, each party is to contribute to the basic child support obligation by the percentage of his or her proportionate share. Once the basic obligation has been established, the total child support obligation is determined by adding to the basic obligation, if necessary, net child care costs, health insurance premiums, extraordinary medical expenses, and other extraordinary expenses incurred on behalf of the child. Vickers v. Wellbrink, 605 So.2d 694 (La. App. 2d Cir.1992).
There is a rebuttable presumption that the amount of support obtained by use of the guidelines is the proper amount of support. La. R.S. 9:315.1(A). If the court finds that the application of the guidelines would not be in the best interest of the child or would be inequitable to the parties, it may deviate from the guidelines. La. R.S. 9:315.1(B); Lehr v. Lehr, 31,181 (La.App.2d Cir.10/28/98), 720 So.2d 412. The statute mandates that the court give oral or written reasons for the deviation and that these reasons be made a part of the record of the proceedings. Montgomery v. Waller, 571 So.2d 765 (La.App. 2d Cir.1990).
La. R.S. 9:315.1(C) provides an illustrative list of factors which may be considered by a court in determining whether to deviate from the guidelines. One such factor is the legal obligation of a party to support dependents who are not the subject of the action before the court and who are in the party's household. La. R.S. 9:315.1(C)(2). When a trial court decides deviation is appropriate, it should fully explain what the support should be if it were not deviating and how much is being allowed for each factor of deviation. Lehr v. Lehr, supra. Utilizing and fully explaining the deviation gives an appellate court a basis to review the appropriateness of the deviation. Vickers v. Wellbrink, supra.
Support paid to another for a non-domiciliary child who is not a party to the proceedings is to be deducted in the initial stages of the calculation. On the other *1165 hand, the support given a domiciliary child not a party to the proceedings is to be considered in determining whether the court wishes to deviate from the guidelines. La. R.S. 9:315.1(C); Timmons v. Timmons, 605 So.2d 1162 (La.App. 2d Cir. 1992), writ denied, 608 So.2d 195 (La. 1992). While the district court may consider the cost of maintaining a domiciliary child not a party to the proceedings as a factor in deviation from the guidelines, a deviation for this reason must be supported by an evidentiary basis. Guillot v. Munn, 96-0620 (La.6/21/96), 676 So.2d 86. See also Jackson v. Belfield, 98-0440 (La. App. 4th Cir.11/25/98), 725 So.2d 32. Deviations by the trial court from the guidelines shall not be disturbed absent a finding of manifest error. La. R.S. 9:315.12.1.
After a careful review of the record, we find that the trial court did not abuse its discretion by allowing a downward deviation of $200.00 for the one minor child from the father's marriage living in his household. While the record was somewhat unclear as to some of the precise mathematical calculations utilized, we are unable to say that the juvenile court was clearly wrong.

MEDICAL INSURANCE
On the issue of medical insurance, the child support guidelines set forth several provisions. La. R.S. 9:315.4 states:
In any child support case, the court may order one of the parties to enroll or maintain an insurable child in a health benefits plan, policy, or program. In determining which party should be required to enroll the child or to maintain such insurance on behalf of the child, the court shall consider each party's individual, group, or employee's health insurance program, employment history, and personal income and other resources. The cost of health insurance premiums incurred on behalf of the child shall be added to the basic child support obligation.
La. R.S. 9:315.8(D) provides:
The party without legal custody or non-domiciliary party shall owe his or her total child support obligation as a money judgment of child support to the custodial or domiciliary party, minus any court-ordered direct payments made on behalf of the child for work-related net child care costs, health insurance premiums, extraordinary medical expenses, or extraordinary expenses provided as adjustments to the schedule.
The statutes vest the trial court with much discretion on the issue of health insurance and medical expenses. The juvenile court required the father to enroll the child under his health insurance due to the court's information that the father's plan would provide greater coverage for the child's medical and dental needs. The court also directed that the father be financially responsible for 100 percent of the child's uncovered medical expenses. We find no abuse in the discretion of the lower court, which was attempting to provide the child with the maximum benefits available. The mother's concerns arising from the father's prior lack of cooperation are certainly understandable; however, should the father fail to comply with the portion of the judgment ordering him to fully cooperate with her on the issue of their son's medical insurance coverage, she has adequate remedy through contempt proceedings.

CONCLUSION
The judgment of the juvenile court is affirmed. Costs are assessed against the appellant.
AFFIRMED.
NOTES
[1] In so ordering, the court stated that it was aware from facts gathered in other cases that the coverage under the Bell South insurance was superior to that of the mother's insurance company.