THERIOT, J.
|2In this case, a father appeals a trial court judgment regarding custody, child support, and other incidental matters. We affirm.
FACTS AND PROCEDURAL HISTORY
The minor child at issue in this matter was born November 22, 2005. The child’s parents, Rachel Touchet and Adam Pepi-tone, were never married. On April 17, 2008, Rachel filed a petition to determine the paternity of the child, to award custody of the child to the parties, and to set child support. A consent judgment was signed *32 by the court on July 22, 2008. The judgment decreed that Adam was the father of the minor child, the parties would have joint custody of the child, and Rachel would be the domiciliary parent, although medical and educational decisions would be made by both parents. The trial court appointed a parenting coordinator to assist the parties in resolving any disputes that might arise regarding medical and educational decisions and in implementing a formal physical custody plan. The trial court further ordered that any conflicts which could not be resolved by the parenting coordinator would be submitted to the court for resolution. The trial court ordered Adam to pay child support in the amount of $255.00 per month and ordered the parties to share equally the cost of health insurance for the child and for medical and dental expenses not covered by insurance. Finally, the trial court ordered the parties to alternate use of the dependent child income tax deduction.
On May 19, 2009, the trial court signed another stipulated judgment establishing a physical custody schedule, addressing school choice, modifying the parties’ percentage shares of medical and dental expenses and health insurance, ordering the parents to alternate the right to claim the minor child as a deduction on federal and state income tax returns, and other | -¡incidental matters. Regarding school choice, the May 19, 2009 judgment states:
The parties agree that (1) if Mom as the domiciliary parent chooses to send the minor child to any other school than St. Jean Vianney and (2) the parents are unable to reach a mutual agreement, then Dad reserves his right for the Court to make a determination regarding the school that the minor child will attend.
This consent judgment declared all prior judgments (including the consent judgment ordering Adam to pay child support to Rachel) null and void, and the judgment did not order either party to pay direct child support payments to the other.
On March 9, 2012, Rachel filed a rule to change custody, to modify child support, and to request both a custody and psychological evaluation. The impetus for the rule was that Adam was married in May of 2010 and was arrested in September of 2011 for domestic abuse battery of his wife. The minor child was in Adam’s custody at the time of the alleged domestic battery, and the minor child had reported to Rachel on previous occasions that Adam and his wife yell and fight. Based on these facts, Rachel alleged that Adam is unable to provide a stable home for the child, and it would be in the child’s best interests to have the physical custody plan changed. Rachel also sought to have the court order Adam to pay his percentage share of private school tuition, registration, books, and supply fees. Rachel also requested that the court modify child support and reassess the parties’ percentage shares of insurance premiums and medical/dental and extraordinary expenses, based on Adam’s alleged underemployment, the child’s enrollment in private school, Rachel’s graduation and change in employment, the child’s increased expenses, and the changes in physical 4custody of the child. Finally, Rachel sought the exclusive right to claim the minor child as a dependent on her federal and state taxes.
After a trial, the court found that there had been a material change in circumstances and that it was in the child’s best interest to modify the physical custody schedule. The trial court rendered judgment modifying the physical custody schedule, setting child support, ordering Rachel to obtain health insurance for the minor child and for Adam to pay his per *33 centage share of the premium to Rachel, ordering Adam to pay his percentage share of the minor child’s private school tuition, and awarding Rachel the exclusive use of the dependent child tax deduction.
Adam appealed this judgment, arguing that the trial court erred in ordering him to pay a share of private school tuition, in setting child support, in denying him the use of the tax deduction, and in ordering him to pay a share of the child’s health insurance premium. He did not appeal the modification of the physical custody schedule.
DISCUSSION

Private School Tuition

Louisiana Revised Statutes 9:315.6(1) provides that expenses of tuition, registration, books, and supply fees required for attending a private school to meet the needs of the child may be added to the basic child support obligation, either by agreement of the parties or order of the court. The needs of the child met by the private school need not be particular educational needs; rather, they may include such needs of the child as the need for stability or continuity in the child’s educational program. See official comment to La. R.S. 9:815.6 subsequent to its amendment by La. Acts 2001, No. 1082, § 1.
IfiThe trial court’s decision to add private school expenses to the basic child support obligation is subject to the abuse of discretion standard of review. Valure v. Valure, 96-1684 (La.App. 1 Cir. 6/20/97), 696 So.2d 685, 687.
After considering the evidence offered at trial, including testimony that the child currently attends St. Jean Vianney private school, that the parties previously agreed that she would attend St. Jean Vianney, that the child is doing well in school, that the public school she would have to attend lacks school supplies and is not up to standards, and that the child did not qualify for the gifted and talented program in the public school, the trial court concluded that it is in the child’s best interest to continue to attend St. Jean Vianney for the sake of stability. The trial court noted that the child “has had enough turmoil with the constant changes in the Pepitone household. A change in schools at this time would not serve her best interests.” Accordingly, the trial court ordered the parties to share the cost of private school tuition, registration, books, and supply fees required for attendance in proportion to their percentage share of the child support obligation.
Adam argues on appeal that the trial court erred in ordering the child to continue to attend private school and in ordering him to pay his percentage share of the private school expenses. Adam first argues that the trial court erred in taking judicial notice of the public school’s performance rating, using an outdated performance rating,[1] and basing “much of its decision to order private school” on that erroneous rating. Although the trial court did note in its reasons for judgment that it was taking judicial notice of |fithe public school’s D+ performance rating, we disagree that the trial court based “much of its decision to order private school” on that rating. It is clear from a reading of the court’s reasons for judgment that the court placed more weight on the child’s need for stability in reaching its decision. We find no abuse of discretion in the trial court’s finding.
*34 Adam further avers that the trial court erred in relying on its finding that the parties had initially agreed to send the child to private school, suggesting that the court misunderstood the testimony that Adam wanted the child to attend Parkview Elementary, an East Baton Rouge Parish Public School, and thought Adam wanted the child to attend Parkview Baptist, a Baton Rouge private school. This argument has no merit. The May 19, 2009 consent judgment, signed when the child was three and a half years old, provides for the trial court to make a determination regarding the child’s school if Rachel, as the domiciliary parent, chooses to send the minor child to any other school than St. Jean Vianney. Clearly, at some point Adam agreed to send the child to St. Jean Vianney. At the time of the trial, the child was going into her fifth year at the school, having attended the school since preschool. We find no error in the trial court’s finding that the parties initially agreed to send the child to St. Jean Vianney.

Child Support

The standard of review in a child support case is manifest error. Generally, an appellate court will not disturb a child support order unless there is an abuse of discretion or manifest error. State, Department of Social Services ex rel. D.F. v. L.T., 05-1965, p. 6 (La.7/6/06), 934 So.2d 687, 690.
Adam argues on appeal that the trial court erroneously calculated Rachel’s gross monthly income, resulting in his share of the child support obligation being too tow. There was evidence before the court that Rachel |7became a Registered Nurse on February 26, 2012, and received a pay raise as a result. Rachel testified that when preparing her Income-Expense Affidavit for the court, she averaged all income earned from January 2012 to June 2012 to calculate her monthly gross income. That calculation included monthly income from the lower rate of pay she was earning before being promoted to Registered Nurse, as well as the higher rate of pay she began to receive once she became a Registered Nurse. Rachel testified in response to questions from Adam’s attorney that the higher rate of pay ($28.00 per hour) which she achieved when she became a Registered Nurse would continue going forward. Adam’s trial attorney argued that he had computed her monthly gross income based upon her payroll records, and that the correct monthly gross income is higher than what Rachel listed on her Income-Expense Affidavit due to her promotion. In response, the court agreed to compute the monthly gross income itself. The court recalculated Rachel’s monthly gross income to be $4,368.00,[2] and found Adam’s monthly gross income to be $4,000.00, resulting in a child support award to Rachel in the amount of $535.57 per month.
Adam argues on appeal that the trial court should have simply accepted Rachel’s monthly gross income as listed on the Income-Expense Affidavit and assigned $3,170.00 in monthly gross income to her. We find no error in the trial court’s recalculation of Rachel’s monthly gross income based on her increased rate of pay. This assignment of error is without merit.

\JTax Dependency Deductions

Louisiana Revised Statutes 9:315.18(B)(1) provides that the non-domiciliary parent whose child support obligation equals or exceeds fifty percent of *35 the total child support obligation shall be entitled to claim the federal and state tax dependency deductions if, after a contradictory motion, the judge finds both that no arrearages are owed by the obligor and that the right to claim the dependency deductions would substantially benefit the non-domiciliary parent without significantly harming the domiciliary parent.
Adam argues on appeal that the trial court’s error in determining Rachel’s monthly gross income resulted in his share of the child support obligation being forty-eight percent, which prevented him from seeking the use of the tax dependency deductions. Since we have concluded that the trial court did not err in calculating Rachel’s monthly gross income, this assignment of error is without merit.

Health Insurance Premiums

In a child support case, the court may order one of the parties to enroll or maintain an insurable child in a health benefits plan, policy, or program. The cost of health insurance premiums incurred on behalf of the child shall be added to the basic child support obligation. La. R.S. 9:315.4(A). The trial court is vested with much discretion on the issue of health insurance and medical expenses. State ex rel. Metcalf v. Samuels, 34,402, p. 5 (La.App. 2 Cir. 12/20/00), 775 So.2d 1162, 1165.
At the time of the trial, the child was insured through Medicaid and was scheduled for eligibility review in November of 2012. Both Adam and Rachel testified that they anticipated the minor child would no longer be eligible for Medicaid after the review. Both Adam and Rachel wanted to be |9the one to obtain health insurance coverage for the minor child and have the other spouse contribute to the premium.
Adam testified at trial that he did not currently have health insurance because he is “uninsurable” because his wife is pregnant; however, he testified that by the time of the minor child’s Medicaid eligibility review in November 2012, his second child would be born and he would be able to obtain family coverage for his wife and second child, and at that time he could add the minor child to the coverage at no additional cost. Adam argued it would be more cost-effective if the court would allow him to obtain health insurance for the minor child rather than paying a share of the premium for a policy obtained by Rachel. Adam testified that he did not know if the coverage he would be able to obtain for the child would be as good as the coverage Rachel would be able to obtain, but that it would be “adequate,” because he was going to also insure his second child. He further stated that he had not looked into the potential cost of providing this coverage.
Rachel testified at trial that she currently has health insurance through BlueCross BlueShield, but that the minor child is not currently covered under that policy because she is eligible for Medicaid. Rachel testified that after the November 2012 Medicaid eligibility review, she would like to obtain coverage for the child. Rachel had looked into the cost of the coverage and testified it would cost approximately $100.00 per month to provide coverage for the child.
The statute instructs the court to consider each parent’s individual, group, or employee’s health insurance program, employment history, and personal income and other resources in determining which parent should obtain health insurance for the child. La. R.S. 9:315.4(A). Based on the | mevidence before the court, i e., that Rachel was the only parent who currently had a policy of insurance, that Rachel had already begun investigating providing coverage for the child, and that Adam was only speculating on the type and cost of *36 coverage he may be able to obtain in the future, we cannot say the court abused its discretion in ordering Rachel to obtain insurance for the child and Adam to contribute his percentage share. This assignment of error is without merit.
CONCLUSION
The January 7, 2013 judgment of the East Baton Rouge Family Court is affirmed. Costs of this appeal are assessed to appellant, Adam Pepitone.
AFFIRMED.

. Adam points out in his brief that the D + performance rating was the rating for? the 2010-2011 school year, not the 2011-2012 school year, in which the school performance rating was a C.

. It appears that the court calculated Rachel’s monthly gross income as follows: Rachel testified that she works close to full-time hours, two to three twelve-hour shifts a week, at an hourly rate of $28.00 per hour. Thirty six hours a week at that pay rate equals $1008.00 per week, which comes out to an average of $4,368.00 per month.