599 So.2d 331 (1992)
STATE of Louisiana, Plaintiff-Appellee,
v.
Lawrence FLINTROY, Defendant-Appellant.
No. 23,349-CA.
Court of Appeal of Louisiana, Second Circuit.
April 8, 1992.
Clyde Lain, II, Monroe, for defendant-appellant.
*332 Richard Ieyoub, Atty. Gen., Baton Rouge, Jerry L. Jones, Dist. Atty., John Spires, Asst. Dist. Atty., Monroe, for plaintiff-appellee.
Before MARVIN, NORRIS and LINDSAY, JJ.
LINDSAY, Judge.
The defendant, Lawrence Flintroy, appeals from a judgment ordering him to pay an increased amount of child support for his minor son. The defendant contends the trial court erred in finding a substantial change in circumstances warranting the increase in child support. He also argues the trial court erred in failing to grant his motion for a directed verdict based upon the assertion that no change in circumstances was shown. We affirm that portion of the trial court judgment denying the defendant's motion for a directed verdict. We also affirm that portion of the judgment granting an increase in child support. However, because the trial court failed to properly follow the statutory guidelines for the determination of child support found in LSA-R.S. 9:315 et seq., and failed to give reasons for deviation from the guidelines, we amend the judgment to apply the guidelines.

FACTS
The defendant, a Ouachita Parish school teacher, is the father of a child born to JLB, a single woman. In 1983, the defendant was ordered to make child support payments in the amount of $150 per month. In 1988, this award was increased to $200 per month, retroactive to December 1, 1987.
On October 8, 1990, the state, on behalf of the child, filed for an increase in child support and to require the defendant to provide medical insurance for the child. The state asserted there was a substantial change in circumstances in that JLB was no longer employed and the defendant had obtained a significant salary increase since the previous award of child support.
The record shows that in August, 1990, JLB quit her clerical job which paid approximately $1,000 per month in order to return to college on a full-time basis. JLB testified she could not work, go to school and care for the child, therefore she chose to terminate her employment in order to obtain her degree and increase her earning potential. At the time the rule to increase was filed, JLB was a college junior, working toward a degree in accounting. Further, since the previous support judgment was rendered, Mr. Flintroy's income had increased from approximately $23,000 to more than $28,000. The record also indicated that Mr. Flintroy was married and his wife was earning approximately $23,000 per year.
The case was heard by a hearing officer who recommended that the amount of child support be increased to $354.24 per month.[1] Subsequently, the defendant obtained a hearing in the district court pursuant to LSA-R.S. 46:236.5 which provides that upon the motion of either party or upon the court's own motion, the court shall hold a hearing on a matter that has been referred to a hearing officer for hearing.
Following a trial de novo before the district court in April, 1991, the court rendered a judgment increasing the amount of child support to $385 per month, retroactive to October 8, 1990, the date the rule for an increase in support was filed. The court also ordered that the defendant maintain medical insurance for the child.
In its oral reasons for judgment, the court purported to follow the child support guidelines of LSA-R.S. 9:314 et seq. The court did not consider the income of the defendant's spouse, or the income potential of JLB. The court based its award solely upon the defendant's gross salary of $28,028 for 1990 through 1991, plus an estimated year end bonus of $748. Based upon these figures, the court found the defendant earned a gross monthly income of *333 approximately $2,400 and therefore, according to the statutory child support tables, the defendant was required to pay $385 per month in child support.
The defendant appealed the trial court ruling, arguing that the trial court erred in failing to grant a motion for directed verdict and erred in increasing the amount of child support to be paid. The plaintiff did not appeal or answer the appeal.

DIRECTED VERDICTCHANGE OF CIRCUMSTANCES
The defendant contends that the plaintiff made no showing of a change in circumstances and therefore, the trial court should have granted his motion for a directed verdict. This argument is meritless.
LSA-C.C.P. Art. 1672(B) provides:
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff is shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
LSA-R.S. 9:311(A) provides that:
A. An award for support shall not be reduced or increased unless the parties seeking the reduction or increase shows a change in circumstances of one of the parties between the time of previous award and the time of the motion for modification of the award.
The record shows that the defendant's income has increased from $23,192 in the 1987-1988 school year to $28,028 in 1990-1991. The defendant's salary increase was in part attributable to his higher level of education resulting from enrollment and completion of continuing education classes during the summer months. The increase in the defendant's salary was substantially more than could be attributable to mere cost of living raises.[2]
It is also not disputed that the child's mother is no longer employed. She testified that her total income consisted of a student loan and the $200 per month child support previously awarded.
These factors constitute a change in circumstances. Therefore, the trial court did not err in denying the defendant's motion for a directed verdict.

GUIDELINES FOR DETERMINATION OF CHILD SUPPORT
The trial court was correct in finding that there was a sufficient change in circumstances to warrant an increase in child support. However, based upon our review of the record, we find that the trial court failed to fully comply with the child support guidelines of LSA-R.S. 9:315 et seq., in setting the amount of the increase.
The statutory guidelines provide that a basic child support obligation is calculated on the basis of several factors, including the combined income of the parties. The guidelines provide that in the definition of income, the court may also consider the income benefits a party receives from remarriage, expense sharing or other sources. LSA-R.S. 9:315(6)(c).[3] The guidelines also provide that the cost of health care insurance premiums incurred on behalf of the child shall be added to the basic child support obligation. LSA-R.S. 9:315.3 and 315.4. If a party is voluntarily unemployed or underemployed, child support *334 shall be calculated based on a determination of income earning potential unless the party is physically or mentally incapacitated, or is caring for a child of the parties under the age of five years. LSA-R.S. 9:315.9.
After combining the adjusted gross income of the parties, each party is to contribute by percentage of his or her proportionate share. There is a rebuttable presumption that the amount of child support obtained by the use of the guidelines is the proper amount of child support. LSA-R.S. 9:315.1(A).
As specified in LSA-R.S. 9:315.1(B), the court may deviate from the guidelines if their application would not be in the best interest of the child or children or would be inequitable to the parties. LSA-R.S. 9:315.1(C) (1 through 6) gives an illustrative list of factors which may be considered by a court in determining whether to deviate from the guidelines. The court is to give oral or written reasons for the deviation and the reasons shall be made a part of the record of the proceedings. Montgomery v. Waller, 571 So.2d 765 (La.App.2d Cir.1990).
In this case, the trial court deviated from the guidelines, but failed to provide reasons on the record for the deviation. Under the guidelines, the trial court did note that there were no preexisting child or spousal support payments, extraordinary expenses, or child care expenses. The court also ordered that the defendant must add the child to his health care insurance and found that, because the defendant already carried four persons on his health insurance, the addition of this child would not raise the defendant's premiums. However, the court failed to consider the issue of JLB's voluntary unemployment.
Under LSA-R.S. 9:315.9, in calculating a child support obligation, if a party is voluntarily unemployed or underemployed, child support is to be based on a determination of income earning potential unless the party is mentally or physically incapacitated or is caring for a child of the parties under the age of five years. Because the trial court failed to include in its calculation an amount equal to JLB's earning capacity, and failed to set forth reasons for the deviation, the amount of child support set by the court must be modified.
In those cases where the record contains inadequate information upon which to make a child support determination under the guidelines, a remand to the trial court is necessary. See Richardson v. Richardson, 590 So.2d 1302 (La.App. 1st Cir.1991); Mannina v. Mannina, 588 So.2d 176 (La. App. 5th Cir.1991); Norred v. Norred, 571 So.2d 702 (La.App.2d Cir.1990). Also, see and compare Ellzey v. Ellzey, 594 So.2d 1135, (La.App. 3d Cir., 1992), in which there was no application of the guidelines, rather than simply a deviation.
However, in cases where the record contains adequate information, this court has chosen to apply the child support guidelines to the facts of the case rather than remand to the trial court. See Crockett v. Crockett, 575 So.2d 942 (La.App.2d Cir.1991); Montgomery v. Waller, supra. In the present case there is sufficient information upon which to apply the child support guidelines. Therefore, a remand is not necessary.
The guidelines specify that child support obligations are to be determined by the combined adjusted gross income of the parties. Income is defined as the actual gross income of a party if the party is employed to full capacity and the potential income of the party if the party is voluntarily unemployed or underemployed. The record shows that the defendant's income is $2,400 per month and JLB's income potential is $1,000 per month. JLB's income potential is based upon her testimony that, prior to her voluntary termination of her employment, she was earning $1,000 per month. Therefore the parties' combined adjusted gross monthly income is computed at $3,400 per month. The defendant's income constitutes seventy percent of this amount. Under the child support guideline tables, based upon a monthly adjusted gross income of $3,400 per month, the amount of child support due for one child is $510. The defendant's child support obligation is seventy percent of this amount or *335 $357 per month. Therefore, based upon these facts, we amend the trial court judgment and render judgment granting JLB child support in the amount of $357 per month.
We note that the trial court did not consider the income of the defendant's spouse as might have been done under LSA-R.S. 9:315(6). There is some authority for the proposition that consideration of this factor is discretionary. See Crockett v. Crockett, 575 So.2d 942 (La.App.2d Cir.1991). The trial court did not state that such discretion was being exercised or give reasons for failure to consider this factor. However, we note that the plaintiff did not object to the trial court's failure to consider the defendant's spouse's income, either in the trial court or on appeal. Therefore, because the plaintiff has not appealed or answered the appeal, the issue cannot be considered. LSA-C.C.P. Art 2133; Castille v. City of Opelousas, 520 So.2d 971 (La.App. 3d Cir. 1987); Robert v. Bayou Bernard Marine, Inc., 514 So.2d 540 (La.App. 3d Cir.1987), writs denied 515 So.2d 1107, 1108 (La.1987).

CONCLUSION
For the reasons stated above, we affirm the trial court judgment insofar as it denied the defendant's motion for a directed verdict, required the defendant, Lawrence Flintroy, to maintain medical insurance on the child and ordered an increase in child support. However, we amend the judgment granting an increase to apply the child support guidelines contained in LSA-R.S. 9:315 et seq. The defendant is hereby ordered to pay child support in the amount of $357 per month, retroactive to October 8, 1990, the date of filing for an increase in child support. Costs are assessed to the defendant.
AFFIRMED IN PART; AMENDED IN PART; AND AS AMENDED, AFFIRMED.
NOTES
[1] Under LSA-Ch.C. Art 423, the court may appoint hearing officers to hear child support and support related matters.
[2] See and compare Mitchel v. Mitchel, 543 So.2d 128 (La.App. 2d Cir.1989); Huber v. Huber, 499 So.2d 1263 (La.App. 4th Cir.1986), which held that cost of living increases in salary do not constitute a change in circumstances.
[3] This case was decided April 15, 1991, prior to the 1991 revision of LSA-R.S. 9:315(6)(c) which now provides:

The court may also consider as income the benefits a party derives from expense sharing or other sources; however, in determining the benefits of expense sharing, the court shall not consider the income of another spouse, regardless of the legal regime under which the remarriage exists, except to the extent that such income is used directly to reduce the cost of the party's actual expenses.