682 So.2d 999 (1996)
Harriet S. HARGRODER, Plaintiff-Appellant,
v.
Mitchell A. HARGRODER, Defendant-Appellee.
No. 96-583.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1996.
Writ Denied January 24, 1997.
David Allen Blanchet, Michael Herschel Colvin, James Edmond Simon, Michael Phillip Maloney, Edgar Dean Gankendorff, Lafayette, for Harriet S. Hargroder.
D.S. Fitzgerald Jr., Susan Lorna Theall, Suzanne Kay Sasser, Lafayette, for Mitchell A. Hargroder.
*1000 Dennis Ray Bundick, Abbeville, Sandra A. Broussard, Baton Rouge, for State of Louisiana, Dept. of Social Services.
Before WOODARD, DECUIR, and PETERS, JJ.
WOODARD, Judge.
Plaintiff ex-husband sought review of trial court's reduction in child support based on defendant ex-wife's unemployment and imputation of income from sharing of household expenses. We affirm.

FACTS
Mitchell A. Hargroder (Hargroder) and Harriet S. Hargroder (who has since remarried and is referred to herein as "Gankendorff") were married on November 20, 1987. They were divorced on January 14, 1993. Two children, Thomas Hargroder and Lacey Hargroder, were born of the marriage. Gankendorff has sole custody of the children. Hargroder was ordered to pay $500.00 per month in child support ($250.00 per child). On February 15, 1995, Gankendorff filed a rule to increase child support. A hearing was held on May 30,1995. In a judgment dated July 24, 1995, the trial court ordered Hargroder to pay $943.20 per month in child support. Hargroder filed a rule for reduction of child support on August 4, 1995, asserting a change in circumstances, and sought a rehearing of the child support awarded. A hearing was held on October 23, 1995, and a judgment was rendered on November 28, 1995 reducing Hargroder's child support payments from $943.20 per month to $815.00 per month. Hargroder appealed both the July 24, 1995 and the November 28, 1995 decisions. This court interpreted Hargroder's request for rehearing incorporated into the rule for reduction for child support as a motion for a new trial, and as such, pursuant to La.Code Civ.P. art. 1974, the motion was ruled untimely because it was not made within 7 days after the notice of judgment was mailed. For these reasons, the appeal of the July 25, 1995 judgment is dismissed. The appeal from the November 28, 1995 judgment, however, is maintained.

ASSIGNMENTS OF ERROR
Hargroder claims the following assignments of error:
(1) The trial judge committed manifest error in not applying the mandatory language of La.R.S. 9:315 and 9:315.3:
(A) In allowing child care expenses when Gankendorff was not employed or job searching,
(B) Alternatively, in refusing to subtract the value of the federal income tax credit for child care if child care expenses were applicable.
(2) The trial judge abused his discretion in only imputing $1,000.00 per month as income to Gankendorff who was unemployed, married and relied on her spouse for support when the evidence supported household expenses of $2,000.00 per month.

LAW
La.R.S. 9:315(6), which defines "income" as it relates to the guidelines for determination of child support, provides in pertinent part:
(c) The court may also consider as income the benefits a party derives from expense-sharing or other sources; however, in determining the benefits of expense-sharing, the court shall not consider the income of another spouse, regardless of the legal regime under which the remarriage exists, except to the extent that such income is used directly to reduce the cost of a party's actual expenses.
(Emphasis added.)
The statute further provides that:
(7) "Net child care costs" means the reasonable costs of child care incurred by a party due to employment or job search, minus the value of the federal income tax credit.
(Emphasis added.) The standard of appellate review for determinations regarding child support is well settled. On appellate review, great weight must be accorded to the trial court's determinations of fact. Where testimony conflicts, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed. Conner v. Conner, 594 So.2d 1039 (La.App. 3 Cir.1992); Guillory *1001 v. Ventre, 610 So.2d 1056 (La.App. 3 Cir. 1992).
EMPLOYMENT OF DOMICILIARY PARENT AND FEDERAL INCOME TAX CREDIT FOR CHILD CARE EXPENSES
Hargroder's first assignment of error is that the trial judge erred in allowing child care expenses when Gankendorff was not employed or job searching. In the alternative, Hargroder argues, the trial judge erred in not subtracting the value of the federal income tax credit for child care from the total cost of the child care.
Hargroder asserts that Gankendorff is not presently employed and, as such, is not entitled to child care costs. Evidence at trial, however, established that Gankendorff's unemployment was temporary and due to illness associated with her pregnancy. While La.Civ.Code art. 9 requires that clear and unambiguous laws be applied as written, it also requires that such application not lead to absurd consequences. The trial judge properly concluded that Gankendorff's unemployment was temporary and that her medical condition contributed to her need for child care. To require a woman in her condition to either be employed, or take the children out of day care every time she is absent from her job would be an absurd consequence. This determination, however, like all determinations in child support cases, is subject to revision if and when Gankendorff's situation improves. For these reasons, we cannot say that the trial court's ruling was manifestly erroneous.
In the alternative, Hargroder argues, the trial court erred in not subtracting the value of the federal income tax credit for child care expenses. This argument is also without merit. According to the statute, the "value" of the tax credit is to be subtracted from the total cost of child care. A tax credit is just that, a credit against tax due, it has no value unless there is a tax owed. Because Gankendorff could claim both children as dependents, and because she qualified for a "head of household" deduction, there were no taxes due. Therefore, the value of the child care tax credit was zero. It had no value. Because of this, the trial court was not manifestly erroneous in failing to subtract this amount from the costs of child care.
DETERMINATION OF SPOUSE'S INCOME
Hargroder's second assertion of error is that the trial court abused its discretion in only imputing $1,000.00 per month as income to Gankendorff, when evidence established that $2,000.00 per month was spent on household expenses. La.R.S. 9:315(6)(c) authorizes the trial court to consider, as income, benefits derived from expense sharing or other sources. While the statute authorizes imputing these benefits as income, such imputation is not mandatory. The statute states a court "may" consider such benefits. At trial, uncontested testimony by Mr. Gankendorff established that approximately $2,000.00 per month was spent for maintaining the household. Half of this amount was imputed to Ms. Gankendorff as a benefit. We can find no manifest error in the trial court's ruling. First, the determination to impute benefits received as income is an option for the trial court. It is not mandatory. Second, the amount imputed is also within the judge's wide discretion. Imputing half of the household expenses to Ms. Gankendorff is not so unreasonable as to constitute abuse of discretion.

CONCLUSION
For the above reasons, the decision of the trial court is affirmed. Costs of this appeal to be borne by the plaintiff, Mr. Hargroder.
AFFIRMED.