liHIGHTOWER, Judge.
In August 1993, a judgment of divorce granted Donna Drach Carroway (now “Deni-son”) and David Carroway (“Carroway”) joint custody of their two minor children, while designating the mother as the domiciliary parent and ordering the father to pay $100 per week as child support. Asserting several changes of circumstance, including the remarriage of both parents and Carro-way’s new job, Denison obtained an increase in the child support award at a February 1997 hearing.
On appeal, there is no dispute regarding the income of the parties. Carroway, a registered nurse, earns $3,421.60 per month. Denison, who is voluntarily unemployed after her remarriage, previously received a monthly salary of $2,117.84 from Commercial National Bank. Using the schedule provided in La. R.S. 9:315.14, the lower court calculated the parents’ basic child support obligation at $1,165.52. After determining Carroway’s portion to be sixty-two percent and making adjustments for the health insurance premium, the district judge fixed the father’s monthly payment at $685.38. He appeals, contending the trial court committed legal error in its calculations. Denison answers the appeal to present a similar complaint. We affirm.
Discussion
Three of Carroway’s four assignments of error concern the application of La. R.S. 9:315.9. Configured to apportion the child support responsibility fairly, this section states:
If a party is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of his or her income earning potential, unless the party is physically or mentally incapacitated, or is earing for a child of the parties *98 under the age of five years. The amount of the basic child support obligation obtained by use of this Section shall not exceed that amount which the party paying support would have owed had no determination of the other party’s earning income potential been made.
Our jurisprudence reveals a consistent application of this provision, an application identical to the method employed by the trial judge. After ascertaining the unemployed individual’s potential income in order to arrive at the combined adjusted gross income of the parties, each parent is assigned his proportional share of the basic child support obligation dictated by the statutory schedule. See, e.g., Havener v. Havener, 29,785 (La.App. 2d Cir. 08/20/97), 700 So.2d 533; Glover v. Glover, 28,493 (La.App.2d Cir. 06/26/96), 677 So.2d 659; Holdsworth v. Holdsworth, 621 So.2d 71 (La.App. 2d Cir.1993); State v. Flintroy, 599 So.2d 331 (La.App. 2d Cir.1992).
In a novel approach focusing on the second sentence of La. R.S. 9:315.9, Carroway agrees that his actual income and Denison’s earning capacity should be utilized in fixing the percentage owed by each party, but contends his percentage should then be applied to a separate basic support obligation derived by using his income only. Such an interpretation finds no support in the jurisprudence. Rather than accomplishing the clear intent of placing the parties in the same situation as if one parent had not chosen to cease working, Carroway’s method of calculation would impose a double penalty upon the nonworking parent.
As explained by the trial judge, the second sentence of La. R.S. 9:315.9 is designed to counteract the inequity that could arise in cases of lower income parents:
For example, a party with an income of $600 per month, considering only his/her income, would pay $68 per month for one child. If an equal income were imputed to the other parent, the basic child support obligation would be $229. Fifty per cent of $229 or $114.50 would exceed the obligation of the payor parent by $46.50. This method of calculation is inequitable to the payor parent and is the very situation that La. R.S. 9:315.9 sought to alleviate.
Further, the obvious intent of the provision is that the payor’s support obligation shall in no event exceed the amount which he would have owed absent any determination of the other party’s earning potential. Even so, in that such an inequity would not result between these two parties, this provision finds no application in the instant case. Accordingly, Carroway’s first three assignments of error fail.[1]
In another assignment of error, Carroway contends that the parties stipulated that he would not owe child support for the six weeks in the summer when he exercised his visitation with the children. This contention is not supported by the record, however. Although Denison’s attorney initially made an offer to suspend child support payments laduring that period, the parties subsequently submitted the issue to the court for decision. We find no abuse of discretion in the resolution eventually reached there.
Denison also answered the appeal to assert error in the trial judge’s calculation regarding the children’s health insurance premium. She agrees that the court correctly added the cost of the premium to the basic child support obligation and that each parent should bear his proportional part of this burden. The mother contends, however, that only her thirty-eight percent share should be deducted from Carroway’s support obligation. Yet, with Carroway already funding the entire expense through a payroll deduction, Deni-son’s approach would cause the father to pay sixty-two percent of the premium twice— once at work and again in monthly support payments. This assignment of error lacks merit.
Conolusion
Accordingly, the judgment below is affirmed. Costs are assessed equally between the parties.
Affirmed.

. Carroway’s method of calculation would have affected not only the support award but also the percentage of his outside/overtime pay he would owe and the amount of arrearages.