785 So.2d 193 (2001)
Tony JAMES, Plaintiff-Appellant,
v.
Kim JAMES, Defendant-Appellee.
No. 34,567-CA.
Court of Appeal of Louisiana, Second Circuit.
April 6, 2001.
*194 Charles B. Bice, Winnfield, Counsel for Appellant.
Bobby L. Culpepper & Associates by Bobby L. Culpepper, Jonesboro, Counsel for Appellee.
Before WILLIAMS, CARAWAY and KOSTELKA, JJ.
KOSTELKA, J.
Tony James ("Tony") appeals the judgment of the trial court in favor of his ex-wife, Kim (James) McManus ("Kim"), which denied him a reduction of his previously stipulated child support obligation for the couple's minor son. Considering the record before us, we vacate the trial court judgment and remand for further proceedings.

FACTS
On September 28, 1998, Tony filed for a divorce from Kim. The trial court granted the couple joint custody of their son, naming Kim as the primary domiciliary parent. Tony stipulated to an initial child support payment of $1,200 per month effective October 1, 1998, which payment would then increase upon divorce to $1,500 per month. The judgment setting forth the stipulations was signed by the trial court on January 16, 1999. On May 13, 1999, a judgment of divorce was rendered, thus increasing Tony's child support obligation to $1,500 per month.
In May, 2000, Tony filed a Rule for Custody Change and Related Relief. The issue was narrowed to a request for reduction of child support, which was tried on June 15, 2000. After hearing testimony and considering the evidence before it, the trial court entered judgment denying Tony a reduction. Judgment was signed June 28, 2000. This appeal ensued.

*195 DISCUSSION
On appeal, Tony raises three assignments of error, the gravamen of which is that the trial court failed to apply the child support guideline tables to determine the appropriate child support obligation.
The Child Support Guidelines, La. R.S. 9:315, et seq. (the "Guidelines"), are the framework within which the obligation of child support must be administered and are intended to fairly apportion between the parents their mutual financial responsibility for their children, and toward those ends, the Guidelines balance the needs of children with the means available to parents. State in Interest of Travers v. Travers, 28,022 (La.App.2d Cir.12/06/95), 665 So.2d 625.
The Guidelines are mandatory and apply to any action to establish or modify support filed on or after October 1, 1989. Hildebrand v. Hildebrand, 626 So.2d 578 (La.App. 3d Cir.1993). See also, Carter v. Carter, 591 So.2d 1313 (La.App. 2d Cir.1991); Campbell v. Campbell, 95-1711 (La.App. 1st Cir.10/10/96), 682 So.2d 312. Since the enactment of the Guidelines, a trial court's discretion in setting the amount of child support is structured and limited. Voorhies v. Voorhies, 96-342 (La.App. 3d Cir.10/09/96), 688 So.2d 1158; see also, Lanclos v. Lanclos, 614 So.2d 170 (La.App. 3d Cir.1993); Ellzey v. Ellzey, 594 So.2d 1135 (La.App. 3d Cir.1992). A trial court's factual findings cannot render the Guidelines inapplicable, although some factual findings may warrant a deviation. Bennett v. Bennett, 95-152 (La.App. 3d Cir.05/31/95), 657 So.2d 413; Hildebrand, supra. Child support obligations that are stipulated to by the parents are also subject to the Guidelines, when reviewed by a trial court. La. R.S. 9:315.1(D); Stogner v. Stogner, 98-3044 (La.07/07/99), 739 So.2d 762; Neill v. Neill, 33-398 (La. App.2d Cir.06/21/00), 764 So.2d 235.
At the time of the rule for reduction, the trial court considered two exhibits showing Tony's financial status during 1999 and the first five months of 2000. Kim testified that she remarried in May, 1999 (presumably after the May 13, 1999 divorce judgment) and is a housewife and full-time mother to the thirteen-year-old son born of her marriage with Tony. She stated that she pays for her child's expenses out of Tony's child support payments, and her current husband pays all the other household expenses. Although there was testimony regarding Kim's current husband's employment and an estimate of his annual income, there was absolutely no evidence regarding whether Kim was voluntarily unemployed and her income earning potential.
Pursuant to La. R.S. 9:315.1(D), when a trial court reviews a stipulation entered into by the parents regarding child support, it must consider the Guidelines. As the Stogner court stated on this precise issue:
[T]he guidelines must be used "in any proceeding to establish or modify child support." (Emphasis added). In light of that mandate, we find that the opening sentence's use of the words "court may review and approve the stipulation" in La.R.S. 9:315.1(D) means that although the parents may present a stipulation for consideration, the trial court is not bound to follow it and may choose to use the guidelines instead. In this context, we find that the opening phrase of the second sentence of Paragraph (D), "If the court does review the stipulation," simply means that if the trial court does not categorically reject the proposed stipulation, i.e., it chooses to entertain the stipulation, the trial court "shall consider the guidelines ... to review the adequacy of the stipulated *196 amount." To assume, as the lower courts did herein, that the reviewing role of the trial court was discretionary creates an anomaly that cannot be reconciled with the mandated application of the guidelines to the establishment or modification of child support provided in Paragraph (A) of La.R.S. 9:315.1. Moreover, such a reading would impermissibly find the guidelines inapplicable.
Stogner, 739 So.2d at 767, 768.
A review of the record reveals that the trial court did not give proper consideration of the Guidelines in either the January 16, 1999 judgment or the June 28, 2000 judgment. Such an omission results in both judgments being fatally flawed. See, Id.
Moreover, the lack of appropriate documentation in the record indicates that the trial judge did not nor could not have properly applied the Guidelines when considering Tony's request to amend the child support obligation, and neither can we. See, Matter of Spence, 600 So.2d 782 (La. App. 5th Cir.1992) citing, Mannina v. Mannina, 588 So.2d 176 (La.App. 5th Cir. 1991). An application of the Guidelines to calculate the basic child support obligation necessitates information regarding the gross income of both Kim and Tony. See, La. R.S. 9:315.2. As to Kim, who is unemployed, the trial court needed to make the determination of whether she was voluntarily unemployed, and if so, to have determined her income earning potential pursuant to La. R.S. 9:315.9. Id. These considerations could not have been made because none of that information was before the court.
This court has previously held in cases where the record contained adequate information that we would apply the Guidelines to the facts of the case rather than remanding to the trial court. State v. Flintroy, 599 So.2d 331 (La.App. 2d Cir.1992). However, without the appropriate documentation, we cannot make a determination regarding the proper amount of child support. Therefore, it is necessary to remand to the trial court for further consideration. See, Flintroy, supra; Norred v. Norred, 571 So.2d 702 (La.App. 2d Cir. 1990); Oubre v. Oubre, 00-103 (La.App. 5th Cir.05/17/00), 762 So.2d 239; Richardson v. Richardson, 590 So.2d 1302 (La. App. 1st Cir.1991); Mannina, supra. If, after considering Tony's current child support obligation in compliance with the requirements set out by the Guidelines, the trial court again finds a deviation is warranted, then the trial court must set forth the reasons behind allowing the deviation.[1]
Having made the determination that the trial court's judgment was in error as a matter of law for failing to take into consideration the Guidelines, we need not consider the other arguments raised by Tony.

CONCLUSION
We conclude that the judgment of the trial court was in error and is, therefore, vacated. Costs of this appeal are assessed equally to the parties.
JUDGMENT VACATED; REMANDED.
NOTES
[1] When a trial court decides deviation from the Guidelines is appropriate, it should fully explain what the support would be if it were not deviating, why it is deviating and how much is being allowed for each factor of deviation. Lehr v. Lehr, 31,181 (La.App.2d Cir.10/28/98), 720 So.2d 412. Those reasons must be made a part of the record. Lehr, supra; see also, La. R.S. 9:315.1(B).