847 So.2d 111 (2003)
Tonia L. PECK, Plaintiff-Appellant,
v.
Michael Edmond PECK, Defendant-Appellee.
No. 37,184-CA.
Court of Appeal of Louisiana, Second Circuit.
May 14, 2003.
*112 Gary L. Fox, Shreveport, for Appellant.
Walter F. Clawson, Shreveport, for Appellee.
Before WILLIAMS, DREW and KOSTELKA (Pro Tempore), JJ.
KOSTELKA, Judge Pro Tempore.
Tonia Peck ("Tonia") appeals the judgment of the First Judicial District Court, Caddo Parish, which dismissed her Rule to Increase Child Support. For the following reasons, we reverse and remand.

FACTS
Tonia and Michael Peck ("Michael") were divorced in Texas on February 17, 1999 (the "Texas judgment"). One child was born of the marriage in 1994. The Texas judgment provided for the sole custody of the minor child with Tonia, subject to supervised visitation with Michael. The Texas judgment further provided that Michael was to pay Tonia child support in the amount of $471.00 per month. Michael was also found to owe arrearages of child support and spousal support in the amounts of $3,768.00 and $3,650.00, respectively, plus accrued interest.
Prior to the rendering of the Texas judgment, Tonia and the minor child moved to Louisiana and established their residence in Caddo Parish where she lived at the time of the hearing subject to this appeal. Michael resided in California. In July, 2001, Tonia filed a petition to make the Texas judgment executory in Louisiana along with a rule for Michael's failure to pay the child support and arrearage provisions of the Texas judgment. Michael answered Tonia's petition and also filed a counter rule for contempt for Tonia's violation of the visitation provisions in the Texas judgment.
The actions came for hearing on May 15, 2002. Each party gave minimal testimony regarding their incomes, child custody, and visitation. As to his income, Michael testified that he earned approximately $54,000.00 per year. Tonia testified that her yearly income was approximately $30,000.00, not including overtime. After hearing the testimony, the trial court made the following oral ruling:
The Court will find that although the Texas judgment has not been made executory here in this jurisdiction, nevertheless the Court will use it as a basis to set the following child support obligation: The Court will set the amount of four hundred seventy-one dollars, and I believe was it twenty centsor was there some sort of cent on that?As the *113 basic amount of child support due. The Court will add to that amount the amount of two hundred fifty dollars per month to deal with what the Court believes is the amount that there is an arrears somewhere. Mr. Bailey has indicated that it's around twenty thousand dollars. We have not actually had that judgment, but the Court believes that based on the testimony and what Mr. Bailey has been able to present that that would probably be the figure at some point established. That two hundred fifty dollars is an amount that we will try to start to service the debt.
The trial court also made specific findings regarding Michael's visitation with the child and communication between the parents regarding the child. These rulings were formalized in a judgment signed by the trial court on June 14, 2002 (the "June judgment").
Subsequently, Tonia filed a Motion to File Certified, Exemplified Foreign Judgment in Record, to which was attached a properly certified copy of the Texas judgment.
On July 3, 2002, Tonia filed a Rule to Increase Child Support asking to increase the $471.20 per month as fixed in the June judgment.[1] Michael filed an exception of res judicata. The matter subsequently came for hearing, at which time Michael's exception was withdrawn, and he opted instead to have the court address the merits of the rule to increase. After oral argument by the parties, the trial court denied the rule to increase child support and a judgment was subsequently signed on October 28, 2002. It is that judgment which is the subject of this appeal.

DISCUSSION
On appeal, Tonia argues that the trial court erred in denying her rule to modify the June judgment, which the trial court deemed a "considered decree." For the following reasons, we conclude that said denial was in error.
Initially, we note that Tonia originally brought no allegations requesting the Louisiana trial court to fix or modify the monthly child support originally set forth in the Texas judgment. Tonia's rule sought to make the Texas judgment executory as to arrearages, debts and medical expenses.
Tonia's appeal stems from the denial of her Rule to Increase Child Support which she based on an alleged change of circumstances resulting from Michael's increased salary and the trial court's failure to consider the "Louisiana State Guidelines." Clearly, the June judgment simply intended to reinstate and continue the amount of child support set forth in the Texas judgment, and the record does not show that any additional evidence was considered in determining the amount. Obviously, the June judgment only ratified the amount of child support previously awarded Tonia in the Texas judgment. Thus, considering that the monthly amount of child support had never been an issue before the court, the June judgment should not have precluded the trial court from considering the merits of Tonia's request to modify the child support amount originally set by the Texas judgment.
Moreover, the June judgment cannot serve as a basis for denying Tonia a modification in child support because of the trial court's failure to apply the mandatory provisions of Louisiana's child support *114 guidelines. See, Stogner v. Stogner, XXXX-XXXX (La.07/07/99), 739 So.2d 762. In Stogner, the Louisiana Supreme Court held that under La. R.S. 9:315, et seq., a trial court is required to perform a review of any stipulation between the parties regarding the payment of child support to ensure that such stipulation was adequate pursuant to the calculation mandated therein or state reasons which warrant a deviation from the proper guideline amount. The Stogner court concluded that a stipulated judgment of child support signed without complying with that mandate could not be used as a basis for denying a subsequent request for modification. Stogner, supra at 769. And while Stogner is somewhat factually distinguishable because it dealt with a stipulated judgment, we see no reason why the same logic does not apply to the June judgment which set child support without consideration of the mandatory provisions of the Louisiana child support guidelines.
Louisiana R.S. 9:315.1(A) and (B) provide:
A. The guidelines set forth in this Part are to be used in any proceeding to establish or modify child support filed on or after October 1, 1989. There shall be a rebuttable presumption that the amount of child support obtained by use of the guidelines set forth in this Part is the proper amount of child support. (Emphasis added.)
B. The court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties. The court shall give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines. The reasons shall be made part of the record of the proceedings.
As is evident from the statutory language, and as has been previously recognized by this Court, the use of the child support guidelines in calculating the proper amount of a child support award is mandatory. James v. James, 34,567 (La.App.2d Cir.04/06/01), 785 So.2d 193. Any deviation from the child support guidelines requires the trial court to state either orally or in writing the reasons justifying such a deviation. La. R.S. 9:315.1(B). Failure to give proper consideration to the guidelines results in the judgment being fatally flawed. James, supra at 196.
The trial court's failure to give proper consideration to the child support guidelines in rendering the June judgment is evident from the transcript of the proceedings. Therein, the trial court specifically stated that it was setting the child support at $471.20 per month using the Texas child support judgment as its "basis" for doing so, and it is apparent that the June judgment did not comport with the calculation mandated by the guidelines.[2] Accordingly, *115 the judgment is fatally flawed and cannot be used for purposes of denying Tonia a modification of child support. Stogner, supra.
Therefore, the October 28, 2002 judgment denying Tonia's request for a modification of child support is hereby reversed. Because the record does not contain sufficient information to carry out a full and appropriate application of the child support guidelines, this matter is remanded to the trial court for a determination of child support to be made in accordance with the findings herein and the mandatory provisions of the child support guidelines.
As to Tonia's request that any modification of the previous child support award be made retroactive to the date of the filing of her rule, that issue is not properly before this Court pursuant to this appeal. Because of the trial court's premature dismissal of the request for modification, the question of retroactivity was never reached. Accordingly, there is nothing for this Court to review. We note that unless good cause is shown to the contrary, any judgment modifying child support is to be made retroactive to the date of judicial demand. La. R.S. 9:315.21.

CONCLUSION
For the foregoing reasons, we reverse the October 28, 2002 judgment denying Tonia Peck a modification of child support and remand this case to the trial court for a determination of child support consistent with this opinion and the mandates of La. R.S. 9:315, et seq. The costs of this appeal are assessed to Michael Peck.
REVERSED AND REMANDED.
NOTES
[1] Actually, the Texas judgment fixed the child support at $471.00, but the trial court mistakenly fixed the support at $471.20.
[2] A review of the evidence indicates that the trial court deviated from the child support guidelines. According to their testimony, the parties' combined gross annual income was $84,000 ($54,000 earned by Michael and $30,000 by Tonia) and, accordingly, their combined gross monthly income ("C.G.M.I.") would have been $7,000.00. Assuming there to be no net child care costs, health insurance premiums or other extraordinary expenses, the total child support obligation for one child at that level of income is $886.00. La. R.S. 9:315.8(A) and 9:315.19. Since Michael's income accounts for 64.3 percent of the C.G.M.I., his share of the total child support obligation would amount to $569.70, approximately $100.00 more than the amount set by the trial court. La. R.S. 9:315.8(C). Therefore, it would appear that the award of $471.20 per month is a deviation from the child support guidelines for which the trial court failed to give written or oral reasons.