BROWN, Chief Judge.
 

 17 Defendant, Fred Reed, appeals the trial court’s denial of his motion for reduction of child support due to a change in circumstances. For the following reasons we affirm the trial court’s judgment in part, reverse in part, and render judgment correctly reflecting defendant’s child support obligation in accordance with the child support guidelines.
 

 Facts and Procedural Background
 

 Fred Reed and Chandra Reed were married in 1991. At the time of their marriage, Chandra was the mother of three children. Fred subsequently adopted the three children, and thereafter he and Chandra had another three children. After 14 years of marriage, and while living in California, Fred and Chandra divorced.
 

 After their divorce, Fred remarried and moved to Alabama, and Chandra Reed sent their five minor children to live with her mother, Irene Lockhart, in Lake Providence, Louisiana.
 
 [1]
 
 On March 30, 2007, this case was initiated by the State of Louisiana as a result of an application for support filed with the Support Enforcement Services by Ms. Lockhart on behalf of the five minor children.
 

 A hearing was held on February 26, 2008, and the trial court rendered judgment that same day. The trial court set child support at $678 per month, and an additional $200 per month was ordered to go towards an arrearage of $24,922.73.
 

 
 *271
 
 Within a week of the judgment, Fred filed a motion for reduction of child support due to a change in circumstances; no mention was made of the |2arrearages. The trial court heard arguments on May 6, 2008, and denied the motion. From this adverse ruling, Fred Reed appeals.
 

 Discussion
 

 An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a material change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award. La. R.S. 9311(A).
 

 There is no bright line rule as to what constitutes a change of circumstances to warrant modification.
 
 Stogner v. Stogner,
 
 98-3044 (La.07/07/99), 739 So.2d 762. A change in circumstances determination is to be made on a case-by-case basis, and it clearly falls within the great discretion of the trial court.
 
 Id.
 
 Since each case depends .on the particular facts involved, an appellate court will not disturb the trial court’s determination absent a clear abuse of discretion.
 
 Craft v. Craft,
 
 35,785 (La.App.2d Cir.01/23/02), 805 So.2d 1213.
 

 In the present case, the trial court imputed an expense-sharing income of $1,000 a month to Fred at the February 26, 2008, trial; this figure was considered by the court to be the amount Fred derived from living in his current wife’s home and using her vehicle. Within one week of that judgment Fred filed a motion for reduction of child support due to a change in circumstances. The change in circumstances alleged by Fred was that his current wife had filed bankruptcy, and, as a result, she would be charging him rent and no longer providing him with a vehicle. Fred contended that | »due to this unfortunate turn of events he no longer received any benefit from expense-sharing. To support his contention that there was a material change in circumstances, Fred provided a copy of the lease agreement entered into with his wife, a copy of a purchase agreement for his wife’s vehicle, and testified to the legitimacy of both at the May 6, 2008, proceeding. The trial court found that the evidence presented by Fred was not credible, and denied his motion for reduction.
 

 Considering the trial court’s great discretion in determining whether a change of circumstances warrants modification, along with its better position to deduce credibility, we cannot find that the trial court was clearly wrong in denying Fred’s motion for modification on the basis of change of circumstances. We further note that Fred’s wife filed bankruptcy prior to the hearing on February 26, 2008. Although he could have mentioned the bankruptcy during that proceeding, Fred did not do so.
 

 In his other assignment of error, Fred contends that the trial court erred by failing to properly apply the child support guidelines as required by Louisiana law.
 

 La. R.S. 9:315,
 
 et seq.,
 
 provides a set of guidelines that courts are mandated to follow in setting the amount of child support in any action to establish or modify child support on or after October 1, 1989.
 
 Stogner, supra; Hildebrand v. Hildebrand,
 
 626 So.2d 578 (La.App. 3d Cir.1993). A trial court that deviates from the child support guidelines is required to “give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a ^mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines.” La. R.S. 9:315.1(B). Failure to give proper consideration to the guidelines results in the child support judgment being fatally
 
 *272
 
 flawed.
 
 Peck v. Peck,
 
 37, 184 (La.App.2d Cir.05/14/08), 847 So.2d 111;
 
 James v. James,
 
 34,567 (La.App.2d Cir.04/06/01), 785 So.2d 193.
 

 After reviewing the record, it is apparent that the February 26, 2008, judgment is flawed in that it is a ruling based upon trial court error: failure to give proper consideration to the child support guidelines.
 
 Stogner, supra,
 
 directs that a previously flawed judgment cannot be used to deny a modification of child support.
 
 [2]
 

 See also Peck, supra.
 

 La. R.S. 9:315.2(A) states that “[ejach party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with any documentation of current and past earnings.” Furthermore, the documentation shall include a copy of the party’s most recent federal tax return.
 
 Id.
 
 In compliance with this statute, Fred provided suitable documentation to show his current and past earnings. Chandra, | showever, did not provide any documentation to show her current or past earnings. At the February 26, 2008, proceeding, Chandra testified that she was currently employed but “laid off right now,” and that she had no other source of income. Without obtaining any further information, the trial court set Chandra’s adjusted gross income at zero.
 

 In setting Fred’s adjusted gross income, the trial court determined that his monthly income was approximately $1,100 and that he had an expense-sharing income of $1,000 a month. Thereafter, the trial court miscalculated the two income amounts and came up with a total adjusted monthly gross income amount of $2,300.
 
 [3]
 

 A party’s adjusted gross income is his or her gross income, minus amounts for preexisting child support obligations paid on behalf of a child who is not the subject of the action of the court. La. R.S. 9:315(C)(1). Thus, any amount Fred is obligated to pay per month in child support to a child who is not the subject of the current proceeding is to be subtracted out of his gross income to determine his adjusted gross income. The trial court, however, decided to not give Fred credit for his preexisting child support obligation of $200 a month when determining his adjusted gross income. There are no specific reasons stated in the record for this deviation.
 

 Lastly, the trial court combined Fred’s erroneous adjusted monthly gross income ($2,300) to Chandra’s adjusted monthly gross income ($0.00) to come up with their combined adjusted monthly gross income. The trial court then applied the combined adjusted monthly gross income to the | r,schedule for support set forth in La. R.S. 9:315.19. However, instead of figuring a child support obligation amount based
 
 *273
 
 upon five children, as five minor children were the subject of the current proceeding, the trial court determined an obligation amount for six or more children, then divided that number by six, and then multiplied by five. Apparently, the trial court was factoring in Fred’s support obligation to a sixth child.
 

 Based upon the trial court’s deviations from the child support guidelines without providing specific reasons for those deviations, we find the February 26, 2008, judgment to be flawed. In cases where the record contains adequate information, we should apply the child support guidelines to the facts of the case rather than remanding to the trial court.
 
 Peck, supra; James, supra; State v. Flintroy,
 
 599 So.2d 331 (La.App. 2d Cir.1992). Even if some of the required documentation is lacking, remand is unnecessary if there is sufficient evidence in the record to render a decision.
 
 Aydelott v. Aydelott,
 
 42,161 (La.App.2d Cir.05/09/07), 957 So.2d 350;
 
 State, Dept. of Social Services ex rel. Clark v. Ruiz,
 
 04-1064 (La.App. 5th Cir.02/15/05), 898 So.2d 514. Accordingly, we find that the record in the case
 
 sub judice
 
 contains adequate information, even though some required documentation is absent, for us to render a decision.
 

 Although Chandra failed to provide the documentation required by La. R.S. 9:315.2(A), she testified that she had recently been laid off. Based upon this, the trial court, apparently, concluded that Chandra was not voluntarily unemployed. A trial court is granted broad discretion in determining whether a party is voluntarily unemployed, and its ^determination will not be overruled absent abuse of that discretion.
 
 Stephenson v. Stephenson,
 
 37,323 (La.App.2d Cir.05/14/03), 847 So.2d 175. Finding that the trial court’s determination that Chandra was not voluntarily unemployed was within its discretion, we will not disturb its imputation to her of no adjusted monthly gross income.
 

 Determining Fred’s adjusted monthly gross income requires us to correct the mistakes made by the trial court, as well as determine whether the trial court abused its discretion by imputing to Fred a $1,000 a month expense-sharing income. A trial court may consider as income the benefits a party derives from expense-sharing. La. R.S. 9:315(C)(5)(c). It is within the trial court’s wide discretion to determine the amount of benefit derived from expense-sharing.
 
 Hargroder v. Hargroder,
 
 96-583 (La.App. 3d Cir.11/06/96), 682 So.2d 999,
 
 writ denied,
 
 96-2921 (La.01/24/97), 686 So.2d 868.
 

 During the February 26, 2008, trial, Fred testified that his current wife paid $949 per month for her mortgage, that she provided him a vehicle to get to work, and that she paid most of the other household expenses. Due to this testimony the trial court added $1,000 a month to Fred’s gross income as expense-sharing income. We do not find its determination to be manifestly erroneous.
 

 Accordingly, we have $1,000 a month expense-sharing income, plus $1,100 a month income from Fred’s employment, as proven by the income documentation provided by Fred, which makes $2,100 a month in gross income. We must next subtract any preexisting child support obligations Isfrom the gross income in order to compute the adjusted gross income. Since Fred has a preexisting child support obligation of $200 a month, his adjusted monthly gross income is $1,900.
 

 Applying the combined adjusted monthly gross income of Fred and Chandra, with a total of five children, to the schedule for support set forth in La. R.S. 9:315.19, it is determined that Fred’s monthly child support obligation is $776. Giving Fred a
 
 *274
 
 $132 a month credit for insurance premiums paid on behalf of the five minor children, we find that his total monthly obligation is $644.
 
 [4]
 

 Conclusion
 

 For the reasons stated above, we affirm in part the trial court’s denial of Fred Reed’s motion for reduction of child support due to a change in circumstances. We also reverse in part, due to the trial court’s failure to give proper consideration to the child support guidelines, and render judgment setting Fred Reed’s monthly child support obligation at $644 and an additional $200 per month to go toward an arrearage of $24,922.73. Costs are assessed to each party.
 

 [1]
 

 . One child had become a major.
 

 [2]
 

 . In an attempt to clarify the majority’s finding that a previously flawed judgment cannot be used to deny a modification of child support, Justice Lemmon’s concurrence in
 
 Stogner, supra
 
 at 770, states:
 

 I write separately to point out that this court is not reversing the 1994 judgment which was not attacked until two years after it was rendered; rather, this court is reversing the 1997 judgment denying the 1996 motion to increase child support, although that reversal is based on the 1994 error in originally fixing child support.
 

 While we are constrained to follow the law as set forth in
 
 Stogner,
 
 we note the logic of Justice Victory's dissent in that case. Justice Victory takes issue with the fact that a party seeking modification of child support due to a change in circumstances will not have the burden of proving a change in circumstances if the previous judgment setting child support is flawed,
 

 [3]
 

 . Fred lost his license to practice his profession as a medical doctor because he was convicted of medicaid fraud.
 

 [4]
 

 . The child support amount originally set by the trial court included a $132 a month credit for insurance premiums paid by Fred.