CARAWAY, J.
|, The parents of the minor agreed to transfer domiciliary parent status to the father in a consent judgment. In that connection, the father’s support payments ended and he agreed to waive his prior demand for child support. Less than a year later, the father filed a rule to fix the mother’s child support. After determining that the waiver did not bind the father to show a material change in circumstances to seek the mother’s child support, the trial court utilized the child support guidelines for the first time and fixed the mother’s child support at $370.27 a month. The mother filed this appeal to challenge her child support obligation. We affirm the trial court’s ruling.

Facts and Procedural History

Angela Sharp (“Angela”) and David Moore (“David”) were married on September 2, 1995, and divorced on February 2, 2000. During their marriage, they had one son. Angela was granted custody of her child by a North Carolina court on June 6, 2000. The father was ordered to pay $400 a month in child support payments, health insurance, and one-half of out-of-pocket medical and dental expenses. He was also granted supervised visitation. On June 23, 2000, Angela obtained a judgment in Ouachita Parish making the North Carolina judgment executory.
On April 9, 2001, David filed a rule to establish child custody or alternatively to modify child custody and visitation rights in Ouachita Parish. He argued that he had not received notice of the North Carolina proceedings as they were instituted after he went to work in Louisiana. Both parents attended a court ordered co-parent education session and |2interview with a psychologist. The psychologist felt that both parents were acting in the best interests of their son and would be positive influences in his life.
Pursuant to joint stipulations read into the record, the trial court rendered a judgment in 2001 that granted the parents joint custody of the minor. Angela was named domiciliary parent and the judgment outlined the custody and holiday arrangements. Since David had not seen his son in over a year, his initial visitations were to occur in the presence of a licensed psychologist. David’s child support obligation was maintained at $400 per month.
On March 2, 2010, David filed a motion and rule for a change of custody and other relief due to a change of circumstances. In this motion, he requested primary custody of his son and that the trial court fix Angela’s child support obligation upon the change in custody. Since the last judgment, David had moved to within three miles of Angela and his son and he asserted that his 14-year-old son wished to spend more time with him. In addition, he asserted that Angela was going through a divorce and her soon to be ex-husband primarily took care of their son. Furthermore, David alleged that Angela was using drugs and letting various men stay overnight. On June 10, 2010, David amended the petition alleging that a drug test from Angela’s divorce case showed that she tested positive for amphetamine, benzo-diazepines, and marijuana.
The trial court referred the matter to a hearing officer who helped the parents *1234 enter into a “Joint Stipulation and Consent Judgment.” While the [.^parents would continue to have joint custody of the minor, David was named as the domiciliary parent. Because the child did not desire to visit his mother at this time, the court referred the parents to Dr. Baker, a counselor, to try and mend this relationship. As for child support, the consent judgment stated that:
The prior child support award in favor of the mother is terminated retroactive to July 12, 2010. Father waives any right to seek reimbursement for any over payment of child support. Father waives his prior demand for child support.
On September 21, 2010, the consent judgment was approved and adopted by the court. Additionally, the trial court adopted the hearing officer’s recommendation that Angela be drug tested.
On July 20, 2011, Angela filed a petition for damages and a rule for contempt. She alleged that since the consent judgment was entered, she had not spoken with her son nor had they visited Dr. Baker. She asserted damages for alienation of affection. David filed an exception of no cause of action, an answer, and a reconventional demand for child support. Angela contested child support arguing that there had been no material change in circumstances as required under La. R.S. 9:311(A)(1). She asserted that the consent judgment set her initial child support at $0. At the hearing on these issues, the parties agreed to drop all of their claims except for the issue of child support.
On February 2, 2012, the court ruled that David was not bound by the waiver in the consent judgment. After a child support worksheet was completed, the child’s basic child support obligation was determined to be [4$1,653 a month. Based upon her income, Angela was ordered to pay $370.27 per month in child support. Angela appeals the trial court’s ruling.

Discussion

Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and education their children. La. C.C. art. 227. A parent may discharge this duty by either (1) providing support in kind as a domiciliary parent or (2) paying money for obtaining the support, maintenance, and education as a nondomiciliary parent. State ex re. Gilbert v. Gilbert, 34,203 (La.App.2d Cir.12/20/00), 775 So.2d 1182; LeFebvre v. LeFebvre, 589 So.2d 66 (La.App. 1st Cir. 1991). The party without legal custody or nondomiciliary party shall owe his or her total child support obligation as a money judgment of child support to the custodial or domiciliary party, minus any court ordered direct payments made on behalf of the child for work-related net childcare costs, health insurance premiums, extraordinary medical expenses, or extraordinary expenses provided as adjustments to the schedule. La. R.S. 9:315.8(D).
La. R.S. 9:315.1 provides the framework for the court’s authority in fixing child support awards, as follows.
A. The guidelines set forth in this Part are to be used in any proceeding to establish or modify child support filed on or after Oct. 1, 1989. There shall be a rebuttable presumption that the amount of child support obtained by use of the guidelines set forth is the proper amount of child support.
[[Image here]]
B. (1) The court may deviate from the guidelines set forth in this Part if their *1235 application would not be in the best interest of the child or would be inequitable to the parties. The court shall give specific oral | Bor written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines. The reasons shall be made part of the record of the proceedings.
[[Image here]]
D. The court may review and approve a stipulation between the parties entered into after the effective date of this Part as to the amount of child support to be paid. If the court does review the stipulation, the court shall consider the guidelines set forth in this Part to review the adequacy of the stipulated amount and may require the parties to provide the court with the income statements and documentation required by R.S. 9:315.2.
Additionally, in no event shall the court set an award below one hundred dollars, except in cases involving shared or split custody as provided in La. R.S. 9:315.9 and 9:315.10. La. R.S. 9:315.14.
An award for support shall not be modified unless the party seeking the modification shows a material change in circumstances of one of the parties between the time of the previous award and the time of the rule for modification of the award. La. R.S. 9:311(A)(1). To obtain a reduction or increase in support, the change in circumstances of one of the parties must be material, defined as a change in circumstance having real importance or great consequences for the needs of the child or the inability to pay of either party. La. R.S. 9:311, Comment (a).
In this case, the court approved the consent judgment changing the domiciliary parent status from Angela to David. As a result of that change, the trial court recognized that Angela no longer had any right to receive child support payments and terminated such payments. The consent | ¿judgment then provided that the “[f]ather waives his prior demand for child support.”
From our review of the record, the parties and the trial court did not fix a child support award according to the guidelines in 2010. La. R.S. 9:315.1(A). At the time of the 2010 consent judgment, no evidence of the parties’ incomes was presented nor was a child support worksheet completed. La. R.S. 9:315.2(A) and 9:315.8. In accepting the consent judgment, the trial court did not give any consideration to the guidelines.
The leading Supreme Court case that examined the trial court’s role in reviewing consent judgments and the effect of such judgments thereafter is Stogner v. Stogner, 98-3044 (La.7/7/99), 739 So.2d 762.[1] In Stogner, a prior consent judgment and child support award were approved by the trial court without reference to the guidelines. Reviewing the language of all the provisions of La. R.S. 9:315.1, the court found that when the trial court reviews the agreement proposed by the parents, it shall consider the guidelines to review the adequacy of the stipulated amount. The court explained:
As authorized in La. R.S. 9:315.1(B), the trial court, after reviewing the proposed *1236 stipulation in light of the considerations enunciated in La. R.S. 9:315.1(0), may nevertheless approve a deviation from the guidelines provided it specifies for the record, either orally or in writing, the reasons for the deviation. Such an approach underscores the integral role of the trial court as gatekeeper in this area of paramount importance. If properly performed in accordance with the guidelines, this judicial review will further assure the adequacy and consistency of child support awards, foster evenhanded settlements, |7and preserve a record for the evaluation of later proceedings to modify initially stipulated child support awards. Stogner, supra at 768.
Thus, despite the trial court’s approval of the prior consent judgment in Stogner, the supreme court considered that judgment flawed by the trial court’s failure to address the guidelines for the deviation from the required support obligation. The court concluded that it was error to rely upon the flawed consent judgment in denying the domiciliary parent’s later claim for modification of the child support.
This court has decided numerous child support cases since Stogner. Durfee v. Durfee, 44,281 (La.App.2d Cir.5/13/09), 12 So.3d 984; State v. Reed, 44,119 (La.App.2d Cir.1/14/09), 5 So.3d 269, writ denied, 09-0379 (La.4/3/09), 6 So.3d 777; Neill v. Neill, 33,398 (La.App.2d Cir.6/21/00), 764 So.2d 235. Interpreting an extrajudicial consent agreement, Durfee struck down an agreement permanently waiving child support. Such agreement is against public policy and void. Durfee, supra at 988. In Reed, we held that the prior child support judgment was flawed, because the trial court deviated from the guidelines without providing specific reasons for the deviations. “Stogner directs that a previously flawed judgment cannot be used to deny a modification of child support.” Reed, supra at 272.
The facts of the present case are similar to those in the Neill case. After two separate consent judgments had been approved by the trial court, the mother filed a rule to increase the father’s child support obligation. The trial court noted that the prior judgments did not calculate the father’s child support award according to the guidelines. It then calculated the support | ¡jObligation under the guidelines and awarded the mother increased support. The father appealed asserting that no material change in circumstances had occurred. Following Stogner, this court affirmed the ruling. Since the prior consent judgments did not rely upon the guidelines, the judgments should not be relied upon in determining whether a change of circumstances warrants the modification of a support award. Neill, supra at 238.
In this case, the prior consent judgment allegedly fixing Angela’s support at $0 was not a mere deviation from the guidelines; it fixed no support obligation at all. Likewise, a total waiver of support by a parent is against public policy and void. With these flaws in the parties’ pri- or consent judgment, Stogner shows that the necessity for a showing of a material change in circumstances is inapplicable. With this ruling of our highest court, appellant’s arguments must be rejected and the trial court’s judgment is affirmed.

Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of these proceedings are assessed to appellant.
AFFIRMED.

. While the legislature amended La. R.S. 9:311 as a result of the Stogner decision, we rely on the Supreme Court’s examination of La. R.S. 9:315.1 which is still the leading authority,